**Armando TORRES, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 08–90–00052–CR.

Court of Appeals of Texas,
El Paso.

June 6, 1990.

Opinion on Denial of Rehearing
June 27, 1990.

Michael R. Gibson, El Paso, for appellant.

Steve W. Simmons, Dist. Atty. of El Paso County, El Paso, for appellee.

Before OSBORN, C.J., and WOODARD and KOEHLER, JJ.

## OPINION ON MOTION

### PER CURIAM

Appellant requests this Court to abate the appeal and return the case to the trial court for the purpose of holding hearings on the question of ineffective assistance of counsel.

He makes reference to a previous motion made before his appeal, requesting us to extend the time limitations for the filing of motions for new trial and arrest of a judgment of conviction under the authority of Tex.R.App.P. 2(b). The basis for his motion was that he needed the statement of facts in order to cogently examine the trial lawyer in regards to a point of error of ineffective assistance of counsel. In our prior Opinion on Motion, February 15, 1990, 804 S.W.2d 918, we held that procedure would violate the express prohibition of Rule 2(a) by extending our jurisdiction, and 2(b) by suspending the requirements of the Code of Criminal Procedure. We further stated the following:

> Upon appeal of the judgment under a point of error of ineffective assistance of counsel, this Court would consider a motion to abate the proceedings until the trial court has taken trial lawyer/witness testimony pertaining to such point.

Trial counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In the proper case, efficiency and justice might require the testimony of trial counsel by an appellant to overcome this presumption, or by the state to fortify it. We believe Rule 2, read in conjunction with Tex.R.App.P. 40(b)(2), provides us with this discretion. This procedure should not be used as a fishing expedition resulting in additional appellate delay.

Therefore, we hold that as a prerequisite to our consideration, there must be a bona fide point of error alleging ineffective assistance of counsel pending on appeal before this Court. Additionally, Appellant or the State must set forth in the Motion to Abate the Appeal such specific facts that constitute good cause contemplated by Rule 2(b). We realize that this procedure will have limited application. There are matters concerning ineffective assistance of counsel that can only be reached by post conviction habeas corpus.

## OPINION ON MOTION FOR REHEARING

By motion, Appellant requested that this court abate his pending appeal and return the case to the trial court for the purpose of developing a record to support a claim of ineffective assistance of counsel. Appellant necessarily seeks extension of the time periods for motions for new trial and arrest

of judgment, in order to have a statement of facts available for pursuing this issue before the trial judge. In our prior Opinion on Motion, February 15, 1990 (not yet reported), we held that the procedure requested would be a violation of Tex.R. App.P. 2(a) and (b). Appellant has now filed a Motion for Rehearing in which he correctly points out that the new trial provisions of the Code of Criminal Procedure were repealed and that aspect of the trial court proceedings is now governed by Tex. R.App.P. 30, et seq. Therefore, the procedure requested by Appellant is not in fact violative of that portion of Tex.R.App.P. 2(b) prohibiting suspension of provisions of the Code of Criminal Procedure. Nonetheless, we are still confronted with a request which would enlarge or extend the appellate jurisdiction of this Court by extending the time limits of a jurisdictional step in perfecting the direct appeal.

Admittedly, this Court is in a mild quandary in this matter. On the one hand, we are constrained by Appellate Rule 2(a). We are frequently faced with complaints of ineffective assistance of counsel which are doomed to cursory overruling simply because the timetables for perfecting appeal and fining an appellate record do not realistically allow for a full investigation and record development by newly appointed appellate counsel. While these matters may still be approached via post-conviction habeas corpus proceedings, there is a natural inclination to speed the process and effectively review such complaints as soon as possible—ideally as part of the direct appeal. On the other hand, even if possible under Rule 2(a), we are not disposed to encourage a practice of disrupting the orderly and prompt flow of direct appeals by what could well become a routine defense practice of seeking such abatement for random trolling of the record for signs of ineffective assistance.

Consequently, we adhere to our prior disposition, denying the Motion to Abate for two reasons: (1) the prohibition imposed by Appellate Rule 2(a); and (2) Appellant's failure to establish good cause under Appellate Rule 2(b) by at least identifying what specific deficiencies in trial counsel's

performance are reasonably suspected at this time and why. In recognition of the dilemma faced by both the Court and the Appellant, however, we make the following suggestions. Appellant could proceed with his direct appeal, unabated, raising such points of error as are justified by the record. He may concurrently initiate a writ of habeas corpus action in the trial court (not post-final conviction since the appeal is still pending) to pursue the making of an additional record on the issue of ineffective assistance of counsel. Should he encounter an unfavorable result in the trial court, his recourse is appeal to this Court, accelerated due to the habeas corpus nature of the proceeding. He could at that point move reasonably for a consolidation review of the two appellate matters.

The Appellant's Motion for Rehearing is hereby overruled.