The STATE of Texas, ex rel. John B. HOLMES, Jr., District Attorney, Harris County, Texas, Relator,

v.

The Honorable Doug SHAVER, Judge, 262nd Judicial District Court, Harris County, Texas, Respondent.

No. 6–92–003–CV.

Court of Appeals of Texas, Texarkana.

Jan. 28, 1992.

John B. Holmes, Jr., Harris County Dist. Atty., Calvin A. Hartmann, Harris County Asst. Dist. Atty., Houston, for the State.

Jack B. Zimmermann, Zimmermann & Lavine, P.C., Houston, for Adams.

Edward A. Mallett, Mallett, Trichter & Brann, Houston, for Chambers.

Dan L. Cogdell, Boyd & Cogdell, Houston, for Shaver.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

## OPINION

GRANT, Justice.

On January 13, 1992, the State, as relator, filed in this Court a motion for leave to file a petition for writ of mandamus directing respondent to vacate his orders of January 6, 1992, in cause numbers 571,100 and 571,102 in the court below. Those two causes are on appeal in this Court as numbers 6–91–061–CR and 6–91–082–CR, respectively. The orders in question granted defendant's out-of-time motion for new trial in each of the cited cases.

The real parties in interest in this cause are George Leslie Adams and John P. Chambers. Each was convicted of engaging in organized crime, and each was sentenced to ten years' confinement, probated. A timely motion for new trial was filed and was denied. On June 18, 1991, the defendants (real parties in interest) perfected their appeals, which were docketed in this Court on June 24, 1991. On December 10, 1991, this Court granted Chambers an extension of time within which to file his brief, to February 3, 1992.

On December 20, 1991, over objection by the State on the ground of want of jurisdiction, the trial court held a hearing on amended motions for new trial filed by Adams and Chambers. On January 6, 1992, the trial court granted both motions.

On January 13, 1992, the State filed a motion for leave to file a petition for writ of mandamus ordering the trial court to vacate its orders of January 6, 1992, granting new trials on the ground of want of jurisdiction in each case.

## RELATOR'S ARGUMENT

The State contends that it has no *adequate* remedy at law, even though it recognizes that it could appeal pursuant to Article 44.01(a)(3) of the Code of Criminal Procedure (appeal by State). The State cites *State v. Mapp,* 764 S.W.2d 823 (Tex.App.–Houston [14th Dist.] 1989, no pet.). *Mapp* was an appeal by the State after the trial court granted an out-of-time motion for new trial. The court distinguished the case of *Whitmore v. State,* 570 S.W.2d 889 (Tex.Crim.App. [Panel Op.] 1977). In *Whitmore,* a co-defendant was found not guilty, and Whitmore claimed in an out-of-time motion for new trial that Whitmore could now be a defense witness in his favor. At the time *Whitmore* was tried, Article 40.05 of the Code of Criminal Procedure (now Tex.R.App.P. 31), the trial court, *for good cause shown,* could extend the time for filing a motion for new trial. Moreover, at the time that *Whitmore* was tried, no criminal jurisdiction was vested in the courts of appeals. A trial court kept jurisdiction until the record was actually filed in the Court of Criminal Appeals. That was the situation in *Whitmore,* in that jurisdiction had not been transferred to the Court of Criminal Appeals at the time the trial court granted the out-of-time motion for new trial.

In 1981, Article 40.05 became Tex.R.App.P. 31, which was reworded to give the trial court jurisdiction over a motion for new trial for thirty days after the sentence was imposed in open court. The language authorizing the trial court to extend time to file the motion for new trial for good cause shown was intentionally removed. *See Dugard v. State,* 688 S.W.2d 524, 530 (Tex.Crim.App.1985), *overruled on other grounds,* 780 S.W.2d 802, 803 (Tex.Crim.App.1989) (a motion for new trial could not be filed after the thirty-day period had expired). *See also Drew v. State,* 743 S.W.2d 207 (Tex.Crim.App.1987) (a motion for new trial could not be filed after the thirty-day period set forth in Rule 31).

■ When a trial court lacks jurisdiction, any action taken on a matter is void and should be regarded as if it never existed.

*See Garcia v. Dial,* 596 S.W.2d 524 (Tex. Crim.App. [Panel Op.] 1980), cited in *State v. Mapp,* 764 S.W.2d at 824. In *Mapp,* the court stated that a trial court lacked jurisdiction after the thirty-day period set forth in Rule 31, and therefore it need not review whether the appellants met the requirements for granting of a new trial because of newly discovered evidence.

In *Smith v. Flack,* 728 S.W.2d 784, 792 (Tex.Crim.App.1987), the trial court granted mandamus relief, noting that technically the relator had a remedy by appeal, but that the remedy must be *adequate.* The court further found that the remedy by appeal may be deemed inadequate where the remedy was slow, tedious, or inappropriate. The trial court found the remedy of appeal to be inappropriate and granted the writ of mandamus. *See Smith v. Flack,* 728 S.W.2d at 794; *see also Stearnes v. Clinton,* 780 S.W.2d 216, 225 (Tex.Crim. App.1989) (mandamus granted even though relator could have appealed). Remedy by appeal was held to be inadequate. Under the facts of the instant case, we find that mandamus is a proper course of action to nullify a void order of the trial court.

A writ of mandamus will issue to nullify a void order. *State ex rel. Eidson v. Edwards,* 793 S.W.2d 1, 5 (Tex.Crim. App.1990). Tex.R.App.P. 40(b)(2) provides that in the appeal of a criminal case, when the record has been filed in an appellate court, all further proceedings in the trial court, except as provided by law or these rules, shall be suspended and arrested until the mandate of the appellate court is received by the trial court.

The Corpus Christi court held in a recent case that a trial court lacks jurisdiction to consider a motion for new trial which was filed after the court of appeals had acquired jurisdiction. *See Fowler v. State,* 803 S.W.2d 848 (Tex.App.–Corpus Christi 1991, no pet.). In *Fowler,* the court distinguished *Whitmore,* indicating that *Whitmore* was decided prior to the adoption of the Texas Rules of Appellate Procedure. The court stated that under our present rules, a trial court has no jurisdiction to consider an untimely-filed motion for new

trial, citing *Drew v. State,* 743 S.W.2d 207, and *State v. Mapp,* 764 S.W.2d 823.

Relator also cites the case of *State ex rel. Cobb v. Godfrey,* 739 S.W.2d 47 (Tex. Crim.App.1987). That court held that if the respondent did not have authority to grant the defendant's new trial after the motion had been overruled by operation of law, vacation of that order would be strictly ministerial in nature, citing *State ex rel. Curry v. Gray,* 726 S.W.2d 125, 128 (Tex. Crim.App.1987). That court also addressed the question of whether the court should exercise its authority under Tex.R.App.P. 2(b) and suspend the rules and thereafter order proceedings in the trial court which are prohibited by the rules, e.g., granting of an out-of-time motion for new trial. The court, noting that suspension of the Rules of Appellate Procedure is a serious matter which is not to be undertaken lightly, stated that under Rule 31, the trial judge lost jurisdiction to rule on the motion for new trial after it had been overruled by operation of law. It found that the trial judge had failed to show good cause why the Court of Criminal Appeals should suspend the rule, other than to remedy the trial judge's own tardiness. For those reasons, the Court of Criminal Appeals declined to suspend the rules pursuant to Rule 2(b). The court found that the trial court lacked authority to grant the defendant's out-of-time motion for new trial, conditionally granted the relief requested by relator, and thus ordered respondent to withdraw his order granting the motion for new trial.

## RESPONSE BY REAL PARTY IN INTEREST ADAMS

Adams filed a response to the motion for leave to file on January 21, 1992. Adams first notes that in *Godfrey* the trial court granted an out-of-time motion for new trial at a time when the law did not permit the State to appeal the granting of a new trial. That law has subsequently been changed and the State, insofar as the instant case is considered, may now appeal the granting of a motion for new trial. For this reason, Adams argues that the State now has an adequate remedy by appeal because it may

appeal. We disagree. We have already held that under the facts of this case, mandamus is a proper course of action to nullify a void order of the trial court.

Adams next stresses that Judge Shaver was acting under the authority of *Whitmore v. State*, 570 S.W.2d 889. Adams notes that the Court of Criminal Appeals considered similar issues in 1987 and 1990, but that it did not overrule *Whitmore*. We agree, but we note that the court did effectively undermine *Whitmore*. That is technically correct, but in one of the two cases cited, *Roberts v. State*, 784 S.W.2d 430 (Tex.Crim.App.1990), Judge Clinton wrote that since 1991, under Tex.R.App.P. 31(a)(1), a motion for new trial must be filed within thirty days of the date sentence is imposed or suspended. Judge Clinton further wrote:

> Under current law, then, it seems an accused may avail himself of the right to compulsory process recognized in *Whitmore* to obtain a new trial only in the fortuitous event his co-defendant is acquitted within thirty days of the date his sentence is imposed. *Whitmore* has been rendered largely toothless.

*Roberts v. State*, 784 S.W.2d at 435.

Adams further argues that Judge Shaver was faced with a discretionary decision as to whether the case law authorized him to conduct a hearing and decide whether the law as applied to the facts in the case at bar entitled Dr. Adams to a new trial. We disagree. The issue here is not whether the State had an adequate remedy by appeal, nor is it whether the action of the trial court in granting the out-of-time motion for new trial was discretionary or ministerial. The issue is whether the trial court had jurisdiction to act at all. Because we find that it did not, the action which it took was void, and no issue arises regarding discretionary or ministerial acts.

Adams suggests that in order to resolve the issue of jurisdiction, this Court should, under Rules 2(b) and 80(c) of the Texas Rules of Appellate Procedure, suspend Rule 31 and remand the cause to the trial court to entertain an out-of-time motion for new trial and to enter an order thereon.

Adams cites the case of *Harris v. State*, 818 S.W.2d 231, 232 (Tex.App.–San Antonio 1991, n.p.h.), in which the court stated that it had authority to suspend Rule 31 and to remand the cause to the trial court for an out-of-time motion for new trial under Rule 2(b). We will address this alternative further below.

## CHAMBERS' RESPONSE FOR MOTION FOR LEAVE TO FILE

Real party in interest John P. Chambers filed a response to relator's motion for leave to file on January 16, 1992. Chambers argues, as does Adams, that the relator has an adequate remedy at law. He notes that in fact, relator has already given notice of appeal. Relator has explained that it has filed notice of appeal in order not to forfeit its right to appeal by the running of the time tables while awaiting action on this original proceeding. Chambers also argues that the granting of a new trial is not a ministerial act and that, on the basis of *Whitmore v. State*, 570 S.W.2d 889, the trial judge's action was appropriate. Chambers insists that the Court of Criminal Appeals has affirmed the continuing validity of *Whitmore* in *Roberts v. State*, 784 S.W.2d at 435. We have already found a similar contention by Adams to be without merit. *See Roberts v. State*, 784 S.W.2d at 435.

Chambers cites a case from the San Antonio Court of Appeals: *Harris v. State*, 818 S.W.2d 231 (Tex.App.–San Antonio 1991, no pet.). In that case, the court declined to invoke Tex.R.App.P. 2(b)'s authority, but it did decide to abate the appeal for an evidentiary hearing at which the appellant may try to show good cause to allow an out-of-time motion for new trial. The court found that its action was most unusual but that because of the unique nature of the motion and the facts alleged therein, it found it appropriate to so act. The court abated and remanded the appeal to the trial court for an evidentiary hearing on the issue of good cause for allowing an out-of-time motion for new trial.

**289**

RESPONSE OF RESPONDENT,
JUDGE SHAVER

Respondent, Judge Shaver, argues that mandamus does not lie when there is the right to appeal. We have already addressed this argument. The argument correctly states the general rule but the requirement is that there be an *adequate* remedy at law, not merely a right to appeal. Relator has argued, and we agree, that an appeal from the trial court's order granting out-of-time motions for new trials is not the most economical or judicious use of resources in this instance. Judge Shaver also argues that his conduct was correct on the basis of *Whitmore v. State*, 570 S.W.2d 889. We find that Judge Shaver, as did Adams and Chambers, is misreading the validity of *Whitmore*. See the comments by Judge Clinton in *Roberts v. State*, 784 S.W.2d at 435. We are bound by the holding in *Roberts* to conclude that *Whitmore* has little present validity under TEX. R.APP.P. 31 as amended in 1981.

Judge Shaver adopts the proposal set forth by Adams and Chambers that the appropriate response of this Court in this case is to abate this appeal and remand it to the trial court pursuant to Rules 2(b) and 80(c) of the Texas Rules of Appellate Procedure so that the trial court may determine whether an out-of-time motion for new trial is appropriate.

SUMMARY

We hold that the trial court was without jurisdiction to grant a motion for new trial in December of 1991, where the appellant had been sentenced in April 1991 and where jurisdiction of the cases had vested in this Court in June 1991. Accordingly, the trial court's orders of January 6, 1992, granting the two motions for new trial are void.

We have carefully considered the record before us, including the motion for leave to file, the petition, and the responses filed by the respondent, the real parties in interest, and the State. We find that the trial court was without jurisdiction to grant the out-of-time motions for rehearing on January 6, 1992, in cause numbers 571,100 and 571,102

(cause numbers 6–91–061–CR and 6–91–082–CR in this Court). We grant the motion for leave to file the petition for writ of mandamus. Without hearing oral argument, we conditionally grant the petition for writ of mandamus and direct the respondent to vacate its orders of January 6, 1992, granting out-of-time motions for new trials in the cited cases. We are confident that the respondent will comply, and the clerk will issue the writ only if the court fails to do so.

By separate orders, we will abate the appeals in cause numbers 6–91–061–CR and 6–91–082–CR and remand the causes to the trial court, thereby restoring its jurisdiction, with direction to conduct a rehearing on the out-of-time motions for new trial filed by Adams and Chambers. *See* TEX. R.APP.P. 2(b) and 80(c).