The STATE of Texas, Appellant,

v.

George Leslie ADAMS, John P. Chambers, Appellees.

Nos. 01–92–00194–CR, 01–92–00195–CR.

Court of Appeals of Texas, Houston (1st Dist.).

Aug. 26, 1993.

---

John B. Holmes, Dist. Atty., Calvin Hartmann, Asst. Dist. Atty., Houston, for appellant.

Jack B. Zimmermann, Jim E. Lavine, Houston, for appellee George Leslie Adams.

Edward A. Mallett, Alexander Bunin, Houston, for appellee John P. Chambers.

Before OLIVER–PARROTT, C.J., and DUNN and MIRABAL, JJ.

## OPINION

MIRABAL, Justice.

The State of Texas, pursuant to the Texas Code of Criminal Procedure,[1] appeals the orders of the trial court granting amended motions for new trial for George Leslie

---

1. (a) The state is entitled to appeal an order of a court in a criminal case if the order:

    (3) grants a new trial

Tex.Code Crim.P.Ann. art. 44.01(a)(3) (Vernon Supp.1993).

Adams and John P. Chambers, appellees. We affirm.

Adams and Chambers were indicted for engaging in organized crime, and after a joint trial, were convicted by a jury. Judge James, the presiding judge, assessed punishment on May 16, 1991, at 10–years confinement, probated, plus restitution. Adams and Chambers timely filed motions for new trial and amended motions for new trial, which were denied on June 18, 1991. Adams and Chambers filed written notice of appeal on June 18, 1991. The appeal was transferred from this Court and docketed before the Texarkana Court of Appeals on June 24, 1991.

While the appeal was pending, on December 20, 1991, the trial court conducted a hearing on Adams' and Chambers' amended motions for new trial, over the State's objection of want of jurisdiction. On January 6, 1992, Judge Shaver, the then presiding judge, granted Adams and Chambers new trials.

On January 13, 1992, the State filed mandamus proceedings in the Texarkana Court of Appeals seeking an order directing the trial court to vacate its January 6, 1992, orders granting new trials. Additionally, the State filed notices of appeal in both cases, challenging the January 6, 1992, orders of the trial court, to protect its right of appeal if the requested mandamus relief was not granted.

On January 28, 1992, the Texarkana Court of Appeals held that the trial court was without jurisdiction to order the new trials, and it conditionally granted the petition for writ of mandamus, directing the trial court to vacate its January 6, 1992 orders, granting out-of-time motions for new trial. *State v. Shaver,* 824 S.W.2d 285, 289 (Tex.App.—Texarkana 1992, orig. proceeding). Additionally, however-er, relying on TEX.R.APP.P. 2(b) and 80(c), the Texarkana Court of Appeals abated the appeals and remanded the cases to the trial court, "thereby restoring its jurisdiction," with directions that the trial court conduct a rehearing on the out-of-time motions for new trial. *Shaver,* 824 S.W.2d at 289.

On February 26, 1992, Judge Shaver conducted a rehearing of the out-of-time motions for new trial, and then granted new trials to Adams and Chambers. The Texarkana Court of Appeals thereafter dismissed, as moot, the appeals of the convictions of Adams and Chambers. The State perfected its appeals to this Court of the trial court's orders granting new trials to Adams and Chambers.

■ In its first point of error, the State asserts the trial court was without jurisdiction to conduct the February 26, 1992, hearing on appellees' motions for new trial, because the motions were untimely. The State complains that the Texarkana Court of Appeals was without authority to vest jurisdiction back to the trial court, and therefore, by its January 28, 1992 orders, the Texarkana Court of Appeals unconstitutionally extended the trial court's jurisdiction while simultaneously limiting its own.

■ When it conducted the February 26, 1992, hearing, the trial court was acting pursuant to the Texarkana Court of Appeals' order to conduct a rehearing on Adams' and Chambers' out-of-time motions for new trial. The Texarkana Court of Appeals had concluded it had the authority under TEX. R.APP.P. 2(b) and 80(c) to abate the appeals and remand the cases to the trial court for rehearing of the motions for new trial. Only the Court of Criminal Appeals has authority to review the decisions of the courts of appeals in criminal matters. TEX. CONST. art. V, § 5; TEX.CODE CRIM.P.ANN. art. 4.04 (Vernon Supp.1993). A court of appeals cannot review a case confided to another court of appeals of equal jurisdiction. *Long v. State,* 820 S.W.2d 888, 890 (Tex.App.—Houston [1st Dist.] 1991, pet. ref'd). As a sister court of the Texarkana Court of Appeals in Texarkana, we cannot pass on the propriety of its holding. Accordingly, we overrule point of error one.

■ In its second through fifth points of error, the State asserts the trial court abused its discretion in granting Adams' and Chambers' motions for new trial based upon newly discovered or newly available evidence.

■ A motion for new trial based on newly discovered evidence is addressed to the sound discretion of the trial court, and its decision should not be disturbed on appeal absent a clear abuse of discretion. *Jones v. State*, 711 S.W.2d 35, 37 (Tex.Crim.App. 1986). Motions for new trials on grounds of newly discovered evidence are not favored by the courts and are viewed with great caution. *Drew v. State*, 743 S.W.2d 207, 225 (Tex. Crim.App.1987); *Pinkston v. State*, 744 S.W.2d 329, 335 (Tex.App.—Houston [1st Dist.] 1988, no pet.).

■ The requirements for obtaining a new trial upon newly discovered or "newly available" evidence are:

1. the newly discovered evidence was unknown to the movant at the time of his trial;

2. the movant's failure to discover the evidence was not due to his want of diligence;

3. the materiality of the evidence is such as would probably bring about a different result in another trial; and

4. the evidence is admissible, and not merely cumulative, corroborative, collateral, or impeaching.

*Drew*, 743 S.W.2d at 226; *Tate v. State*, 834 S.W.2d 566, 570 (Tex.App.—Houston [1st Dist.] 1992, pet. ref'd).

### a) Newly available evidence

The newly available evidence asserted by Adams and Chambers is the testimony of Eugene Williams. Williams and Joe Wheat were indicted, along with Adams and Chambers, for engaging in organized criminal activity. The four men were to be tried together, but Williams' counsel was ill on the day of the trial, and his case was severed. Wheat was acquitted by instructed verdict from Judge James during the joint trial of Adams, Chambers, and Wheat. Approximately six months later, during his separate trial, Williams was acquitted by instructed verdict from Judge Shaver. In their out-of-time motions for new trial, Adams and Chambers claimed that their former co-defendant, Williams, who was not available to testify at Adams' and Chambers' trial, was now avail-

able to testify because of his subsequent acquittal.

■ The State claims that Adams and Chambers knew of the existence of Williams' testimony prior to their trial, and therefore his testimony is not "newly available evidence." However, a co-defendant can be "newly available" after his acquittal. *Anderson v. State*, 717 S.W.2d 622, 626 (Tex. Crim.App.1986); *Etter v. State*, 679 S.W.2d 511, 514 (Tex.Crim.App.1984). Therefore, the trial court could have reasonably concluded the first requirement of the test was met.

### b) Diligence

The State claims that appellees were not diligent because, although they filed a motion for severance, it expressed a "global" desire to call their co-defendants as witnesses, and the record contains no order ruling on the motion. It is apparent from the record, however, that the trial court denied the motion for severance, and instead granted the State's motion to consolidate.

Additionally, the State contends that the failure to subpoena Williams demonstrates a failure to show sufficient diligence. The State argues that, although a defendant may not call as a witness a co-defendant who has indicated that he will assert his privilege against self-incrimination, *Anderson*, 717 S.W.2d at 626, the defendant, not his attorney, must assert the privilege. *Etter*, 679 S.W.2d at 515.

Williams' attorney testified, by sworn affidavit filed in support of the motions for new trial, that Williams personally told him that he would refuse to testify. Further, during the hearing on the motions for new trial, Williams' attorney and Adams' attorney each testified that Williams told them, respectively, that he would not waive his fifth amendment right, and he would not testify in appellees' trial.

We cannot say the trial court abused its discretion when it concluded Adams and Chambers met the diligence requirement, under the circumstances.

**c) and d) Material and admissible evidence that is not merely cumulative, corroborative, or impeaching**

The State attacks the trial court's findings under these two prongs on the basis that Williams himself did not testify at the motions for new trial hearing. However, through the testimony of other witnesses, as well as the records of the trial during which Judge Shaver directed a verdict of acquittal in Williams' favor, the trial court could have reasonably concluded the newly available evidence would consist of:

(1) the testimony of the acquitted co-defendant, Williams, denying any involvement in a criminal conspiracy, giving innocent explanations for his actions and showing that appellees were not involved in such conspiracy;

(2) memoranda and internal documents that could only be introduced into evidence after being predicated upon Williams' authentication; and

(3) the legal and practical effect of the adjudicated innocence of two of the members of an alleged six-member conspiracy.

We cannot say the trial court abused its discretion when it concluded Williams' testimony was material and admissible, and not merely cumulative, corroborative, collateral, or impeaching.

For the foregoing reasons, we overrule the State's points of error two through five.

■ In its sixth point of error, the State asserts the trial judge abused his discretion by ruling on Adams' and Chambers' motions for new trial based on newly available evidence, because that judge had not presided at the trial of Adams and Chambers.

Judge James presided over Adams' and Chambers' five-week trial. Judge Shaver, however, presided over the motions for new trial hearing and granted the motions for new trial. The State contends that Judge James was best prepared to apply the four-prong test for determining if the "evidence" proffered by Adams and Chambers was "newly available."

■ District court judges may hold court for each other pursuant to the Texas Constitution. *Ramirez v. State*, 822 S.W.2d 240, 246 (Tex.App.—Houston [1st Dist.] 1991, pet. ref'd); Tex. Const. art. V, § 11. Different judges may sit at different hearings in a case, absent an abuse of discretion. *Woods v. State*, 569 S.W.2d 901, 903 (Tex.Crim.App. 1978).

Judge Shaver presided over co-defendant Williams' trial, and found him not guilty. The State conceded on the record that the evidence at Williams' trial was essentially the same as the evidence at Adams' and Chambers' trial. Judge Shaver presided over various pretrial matters involving all four co-defendants. At the hearing on the amended motions for new trial, Judge Shaver took judicial notice of all pleadings in each of the four cases.

We hold that Judge Shaver did not abuse his discretion by ruling on Adams' and Chambers' motions for new trial. We overrule point of error six.

We affirm the orders of the trial court granting appellees' amended motions for new trial.