**The STATE of Texas, Appellant,**

v.

**George Leslie ADAMS, & John**
**P. Chambers, Appellees.**

No. 1177–93.

Court of Criminal Appeals of Texas, En Banc.

April 24, 1996.

Rehearing Denied Oct. 2, 1996.

Opinion Dissenting from Denial of Rehearing by Judge Clinton Oct. 2, 1996.

Jack B. Zimmermann, Jim E. Lavine, Edward A. Mallett, Houston, for appellant.

Calvin A. Hartmann, Asst. Dist. Atty., Houston, Robert A. Huttash, Matthew Paul, State's Atty., Austin, for State.

*OPINION ON STATE'S PETITION*
*FOR DISCRETIONARY REVIEW*

WHITE, Judge.

A jury convicted appellees of engaging in organized criminal activity on February 20,

1991. See TEX.PENAL CODE ANN. § 71.02(a)(1). On April 5 and May 16, 1991, the trial court assessed punishment for appellees Adams and Chambers, respectively, at ten years confinement in the Texas Department of Criminal Justice, Institutional Division, probated.[1]

The State brings this petition for discretionary review before this Court. In its first two grounds for review,[2] the State asks us to decide whether the Houston Court of Appeals [1st District] erred when it refused to address the merits of the State's argument on direct appeal that the trial court lacked jurisdiction to hear appellees' untimely motions for new trial under an abatement and remand order from the Texarkana Court of Appeals. We conclude the Court of Appeals erred. Disposition of these grounds for review requires a detailed summary of the appellate history of the instant cause.

On April 5 and May 16, 1991, appellees Adams and Chambers, respectively, filed motions for new trial. On June 18, 1991, the trial court denied both motions for new trial. Appellees filed written notices of appeal on June 18, 1991. The appeal was transferred from the Houston Court of Appeals, First District, to the Texarkana Court of Appeals on June 24, 1991.

While that appeal was pending before the Texarkana Court of Appeals, appellees Adams and Chambers filed amended motions for new trial on December 17 and December 19, respectively, 1991. The trial court convened a hearing on the motions for new trial on December 20, 1991. The State objected that the trial court did not have jurisdiction to hear appellees' motions for new trial. On January 6, 1992, the trial court granted both motions for new trial. On January 13, 1992,

the State filed a motion for leave to file a petition for writ of mandamus with the Texarkana Court of Appeals to compel the trial court to vacate its January 6th order.

The Texarkana Court of Appeals held the trial court lacked jurisdiction "to grant a motion for new trial in December of 1991, where the appellant [sic] had been sentenced in April, 1991 and where jurisdiction of the cases had vested in this Court in June, 1991." The Texarkana Court of Appeals ruled the trial court's orders granting the motions for new trial to be void, and ordered the trial court to vacate both orders. *State ex rel Holmes v. Shaver,* 824 S.W.2d 285, at 289 (Tex.App.—Texarkana 1992).

However, the Texarkana Court of Appeals decided that it could, under its authority, order the trial court to consider appellees' motions for new trial:

> "By separate orders, we will abate the appeals in cause numbers 6–91–061–CR and 6–91–082–CR and remand the causes to the trial court, *thereby restoring its jurisdiction,* with direction to conduct a rehearing on the out-of-time motions of new trial filed by Adams and Chambers. See Tex.R.App.P. 2(b) and 80(c)."

*State ex rel Holmes,* 824 S.W.2d, at 289. Pursuant to its opinion, the Texarkana Court of Appeals issued an order to the trial court which stated "we now suspend the requirement of TEX.R.APP.P 31 that all motions for new trial be filed within thirty days of imposition of sentence in open court." This Court denied without a written order the State's motion for leave to file petition for writ of mandamus on February 24, 1992. In the State's petition they argued that the ruling ran afoul of TEX.R.APP.P. 2(a) and there-

1. In both cases, the State urged the trial court to sentence each appellee to an unprobated prison term and to issue a "written order directing that all identifiable proceeds of the thefts in the crimes proved in the instant indictments, be returned to their proven rightful owner, the Mental Health Mental Retardation Authority of Harris County." Instead, the trial court chose to sentence each appellee to probation and ordered them to pay restitution equal to the amount which the State proved that they stole from M.H.M.R.A. The trial court ordered appellee Adams to pay $514,396.00 in restitution. The

trial court ordered appellee Chambers to pay $2,125,000.00 in restitution.

2. The State also sought discretionary review from the Houston Court of Appeals' decision which held the trial court did not abuse its discretion when it granted appellee's motions for new trial based upon newly discovered or newly available evidence. Though we granted review on this ground, our disposition of the State's other grounds for review renders this issue moot. We are not approving or disapproving of the decision of the Court of Appeals on this issue.

fore the trial court had no jurisdiction to hear an out-of-time motion for new trial.

On February 26, 1992, the trial court convened a hearing on appellees' motions for new trial in compliance with the order of the Texarkana Court of Appeals. Before the trial court began to receive evidence on appellees' motions, the State objected to the proceedings.

The State, relying on TEX.R.APP.P. 2(a) and 2(b)[3], complained that the Texarkana Court of Appeals had no authority to order the abatement and remand for the new trial hearings. The State argued the contemporaneous objection rule would be emasculated if appellees were permitted to file their amended motions for new trial which raised issues not timely presented in their original motions. The State took the position "that the Court of Appeals could not order this abatement." The State objected "to the jurisdiction of the Court at this time."

The trial court overruled the State's objection, and granted the State "a continuing

objection along those lines for the entire proceeding." The trial court proceeded to hear evidence on appellees' motions for new trial. On February 26, 1992, the trial court granted the motions.[4] The State gave notice of appeal. The State's appeal was heard by the Houston [First District] Court of Appeals.[5]

The State argued before the Houston Court of Appeals the trial court lacked "jurisdiction to conduct a hearing on appellees' motions for new trial, since said motions were untimely, and the court of appeals was without authority to invest jurisdiction back in the trial court." In its brief, the State explained,

"It is appellant's contention that Judge Shaver did not have the jurisdiction to conduct the hearing on February 26, 1992, herein, notwithstanding the dictates of the remand order of the 6th Court of Appeals on January 28, 1992."

The State argued that Rule 2(b) must be read in conjunction with Rule 2(a). The

---

3. TEX.R.APP.P. Rule 2. Relationship to Jurisdiction and Suspension sets out:

   "(a) Relationship to Jurisdiction. These rules shall not be construed to expand or limit the jurisdiction of the courts of appeals, the Court of Criminal Appeals or the Supreme Court as established by law."

   "(b) Suspension of Rules in Criminal Matters. Except as otherwise provided in these rules, in the interest of expediting a decision or for other good cause shown, a court of appeals or the Court of Criminal Appeals may suspend requirements and provisions of any rule in a particular case on application of a party or on its own motion and may order proceedings in accordance with its direction. Provided, however, that nothing in this rule shall be construed to allow any court to suspend requirements or provisions of the Code of Criminal Procedure."

4. Appellees argued that Williams, one of their indicted co-conspirators, was acquitted by instructed verdict in his trial which took place subsequent to appellees' convictions. Appellees contended Williams was now available to testify.

5. It was proper for the clerk of the trial court to send the State's notice of appeal, from the February 26, 1992 order granting a new trial, to the First Court of Appeals in Houston.

   Harris County lies within the jurisdictional boundaries of the First and Fourteenth Court of Appeals districts. TEX.GOV'T.CODE ANN.

§§ 22.201(b) & (o). The individual courts of appeals have jurisdiction over all of the cases, criminal and civil, in which the district and county courts of their district have original or appellate jurisdiction. TEX. CONST. art. V, § 6. When a notice of appeal is given to the trial court, the clerk of that court "shall immediately send one copy to the clerk of the appropriate court of appeals." TEX.R.APP.P. 40(b)(1).

Even though the Supreme Court transferred the appellees' original appeals of their criminal convictions to the Texarkana Court of Appeals on June 24, 1991, see TEX.GOV'T.CODE ANN. §§ 73.001 & 73.002, the Texarkana Court of Appeals did not retain jurisdiction over the State's appeal of the trial courts second order (on February 26, 1992) granting a new trial.

On March 31, 1992, the Texarkana Court of Appeals dismissed the appellee's original notice of appeal as moot. When the State sought to appeal the granting of a new trial, they argued to the First Court of Appeals only that the trial court lacked jurisdiction to issue that order.

Pursuant to the rules set out above, the clerk of the trial court was correct to send the State's notice of appeal from the February 26, 1992 order granting a new trial to the First Court of Appeals in Houston. Since the Texarkana Court of Appeals had dismissed the appellee's original notice of appeal as moot, they no longer had jurisdiction of the dispute. We conclude it was proper for the First Court of Appeals to review the trial court's second decision to grant a new trial.

State acknowledged that the Texarkana Court of Appeals had authority under Rule 2(b) to suspend rules which affected its disposition of the appeal because this would in no way "expand or limit its jurisdiction." However, the State maintained that Rule 2(b) could not "be construed to mean that the court of appeals had the authority to suspend rules which would grant, extend, limit, or restrict the jurisdiction which it would otherwise have if the rule had not been suspended." The State concluded that Rules 2(a) and 2(b) barred the Texarkana Court of Appeals from issuing an order that limited its own jurisdiction so that it could extend the trial court's jurisdiction to hear the untimely motions for new trial in which appellees sought to raise a completely new claim of newly available evidence. Therefore, the State contended the trial court never had jurisdiction to convene the hearing on the motions for new trial.

The Houston Court of Appeals overruled the State's argument without deciding the issue of whether the trial court had jurisdiction. *State v. Adams*, 860 S.W.2d 737 (Tex. App.—Houston [1st Dist.] 1993). Instead, the Houston Court of Appeals decided it lacked the authority to interfere with the abatement order of the Texarkana Court of Appeals.

> "Only the Court of Criminal Appeals has authority to review the decisions of the courts of appeals in criminal matters. TEX. CONST. art. V, § 5; TEX.CODE CRIM.P.ANN. art. 4.04 (Vernon Supp. 1993). A court of appeals cannot review a case confided to another court of appeals of equal jurisdiction. *Long v. State*, 820 S.W.2d 888, 890 (Tex.App.—Houston [1st Dist.] 1991, pet. ref'd). As a sister court of the Texarkana Court of Appeals in Texarkana, we cannot pass on the propriety of its holding."

*State v. Adams*, 860 S.W.2d, at 739. Consequently, the Houston Court of Appeals did not answer the question of whether the trial court had jurisdiction to hear appellees' motions for new trial. The State sought discretionary review from this holding.

The State contends, first, the Houston Court of Appeals erred when it refused to "address on the merits whether a court of appeals could abate an appeal, and invest jurisdiction back in the trial court to consider an out-of-time motion for new trial, thereby unconstitutionally extending the trial court's jurisdiction while simultaneously limiting its own." In its second ground for review the State argues, in the alternative, the Houston Court of Appeals erred "by tacitly holding that a court of appeals could unconstitutionally extend the trial court's jurisdiction while simultaneously limiting its own."

After reviewing the appellate record of the instant cause, including the record of the February 26th hearing, it appears the State consistently argued before every court that the trial court lacked jurisdiction to hear appellees' motions for new trial. Under the facts of the instant cause, the State contended that the Texarkana Court of Appeals never had authority to order the abatement and remand. The State concluded that because this order was invalid, the trial court lacked jurisdiction. Except on their motion for leave to file a petition for writ of mandamus to this Court, the State has not requested that any court reverse the decision of the Texarkana Court of Appeals.

We conclude the Houston Court of Appeals was not asked to review the Texarkana Court of Appeals' decision to abate the appeals and remand. Instead, the State asked the Houston Court of Appeals to decide whether the trial court had lawful jurisdiction to convene a hearing on the out-of-time motions for new trial. In making its argument, the State contended the abatement and remand order to be invalid because it was an unconstitutional extension of the trial court's jurisdiction at the cost of an unconstitutional limitation of the Texarkana Court of Appeals jurisdiction. The State's attack on the jurisdiction of the trial court to hold its hearing necessitated an attack on the order that initiated that hearing. This was a question the Houston Court of Appeals had authority to answer. We conclude the Houston Court of Appeals erred when it did not answer this question. Accordingly, we sustain the State's first ground for review.

The State's second ground for review calls for us to consider whether the Houston

Court of Appeals erred by tacitly conceding the trial court had jurisdiction to hear and rule on appellee's out-of-time motions for new trial. This is a question for the Houston Court of Appeals to resolve on remand.

The dissent contends that this decision violates the principle of comity between the state's courts of appeals. As the above discussion points out, the First Court of Appeals is only being asked to determine whether the trial court had lawful jurisdiction over the out-of-time motions for new trial.

Accordingly, we reverse the decision of the Houston Court of Appeals and remand this cause for them to reconsider the State's first point of error in the State's appeal to that court.[6]

CLINTON and MALONEY, JJ., dissent.

BAIRD, Judge, dissenting on State's petition for discretionary review.

The State began its oral argument in the instant case by stating:

> With the greatest respect to the Court, and particularly Judge White, I'm going to observe that this is a, quite candidly, another mess from Harris County....

No truer words were ever spoken.

## I.

### THE FACTS

Because an understanding of the issues presented by this case arises from a complex and confusing factual situation, I will set forth the history of the case.

This case began as a prosecution of four co-defendants for engaging in organized criminal activity. A trial of appellees and one co-defendant resulted in the co-defendant's acquittal and appellees' conviction.[1] After timely motions for new trial were denied, appellees appealed to the First Court of Appeals (Houston), but the case was transferred to the Sixth Court of Appeals (Texarkana). While these appeals were pending, the fourth co-defendant was acquitted. Appellees then filed "out-of-time" amended motions for new trial in the trial court contending new evidence was now available in the form of the co-defendant's testimony. Appellees' amended motions for new trial were granted.

The State filed a motion for leave to file a petition for writ of mandamus in the Sixth Court of Appeals asking the Court to set aside the trial judge's order granting appellees' new trials. The Court of Appeals agreed, holding the trial judge "was without jurisdiction" to grant the out-of-time amended motions for new trial. *State ex rel. Holmes v. Shaver,* 824 S.W.2d 285, 289 (Tex. App.—Texarkana 1992). The Court of Appeals directed the trial judge to vacate his orders granting appellees a new trial. *Id.* Thus, the State received the relief it requested.

Yet the saga did not end. In its mandamus order, and in a separate order, the Sixth Court of Appeals, pursuant to Tex.R.App. P.

---

**6.** We note that the court of appeals did not have the benefit of *State v. Bates,* 889 S.W.2d 306 (Tex.Cr.App.1994), and *Garza v. State,* 896 S.W.2d 192 (Tex.Cr.App.1995), which were decided subsequent to their decision.

The dissent asserts these two cases are irrelevant to the disposition of this cause. We respectfully disagree.

In *Garza v. State,* the issue did not involve out-of-time motions for new trial. However, it did involve a court of appeals suspending the operation of a Rule of Appellate Procedure in order to create jurisdiction where it would otherwise not exist. It involved the interpretation of the interplay between Rules 2(a) and 2(b) of the Rules of Appellate Procedure. *Garza,* at 193–194. In reversing the actions of the Court of Appeals, this Court concluded "the courts of appeals have no authority to suspend the operation of a rule of appellate procedure in order to create jurisdic-

tion in the court of appeals where no jurisdiction exists." *Garza,* at 194. In the instant case, the First Court of Appeals was being asked if jurisdiction could be created in the trial court after the rules of appellate procedure mandated that it no longer existed. *Garza* may not have dealt with the rules governing motions for new trial, but its holdings are relevant to the disposition of the instant cause.

*State v. Bates,* although not discussing Rules 2(a) and 2(b), involved the question of whether a trial court can reclaim jurisdiction of a cause after the Rules of Appellate Procedure mandated that cause had passed beyond its jurisdiction. *State v. Bates,* 889 S.W.2d, at 310–311.

**1.** Appellees were sentenced to ten years confinement, probated.

2(b) and 80(c), abated appellees' appeals, suspended the requirements and provisions of Tex.R.App. P. 31(a)(1) and remanded the causes to the trial court "with direction to conduct a rehearing on [appellees'] out-of-time motions for new trial...." *Id.*[2] The State, unhappy with the abatement order, filed a Motion for Leave to File Petition for Writ of Mandamus with this Court, seeking a writ of mandamus directing the Sixth Court of Appeals to withdraw its abatement and remand order. The State contended it had no adequate remedy at law because it could not file a petition for discretionary review, and that, if we did not grant a writ of mandamus, it would "be placed in the unenviable posture of complaining of an appellate court forcing [the State] to take an appeal to that same appellate court because of an earlier order which [the State] contends that the appellate court had no authority to enter." State's motion, pg. 10. We denied the State's leave to file.

The trial judge conducted a hearing on appellees' out-of-time motions for new trial and granted the motions. The State appealed this order to the First Court of Appeals, contending, *inter alia,* "the [Sixth] Court of Appeals was without authority to vest jurisdiction back to the trial court." *State v. Adams,* 860 S.W.2d 737, 739 (Tex.App.—Houston [1st Dist.] 1993). Appellees filed a "Suggestion for Transfer to the Sixth Court of Appeals," contending the State's appeal arose from the same case which was transferred to the Sixth Court of Appeals. The State objected to such a transfer, arguing that its appeal, "if history may be the guide, effectively will be emasculated if this case is again returned to Texarkana." State's Response, pg. 5. The First Court of Appeals denied appellees' motion.[3]

## II.

## THE COURT OF APPEALS

In affirming the trial judge's order granting appellees a new trial, the First Court of Appeals declined to address the State's challenge to the trial court's jurisdiction to enter such an order because "[w]hen it conducted the ... [hearing], the trial court was acting pursuant to the [Sixth] Court of Appeals' order to conduct a rehearing on [appellees'] out-of-time motions for new trial." *Adams,* 860 S.W.2d at 739. Citing *Long v. State,* 820 S.W.2d 888 (Tex.App.—Houston [1st Dist.] 1991), the Court of Appeals held it may not review a case "confided to another court of appeals of equal jurisdiction." *Adams,* 860 S.W.2d at 739. *See also, Long,* 820 S.W.2d at 890. Because the Sixth Court of Appeals "concluded it had the authority under Tex. R.App. P. 2(b) and 80(c) to abate the appeals and remand the cases to the trial court ...," the First Court held only the Court of Criminal Appeals has authority to review such a decision. *Adams,* 860 S.W.2d at 739.

## III.

## DISCUSSION

Without citing a single relevant case in the body of its opinion,[4] the majority disposes of a rule of comity between our courts of appeals, decides in a footnote an important question of procedure concerning transferred cases, and remands this case to the Court of

---

2. Tex.R.App. P. 2(b) provides:

**Suspension of Rules in Criminal Matters.** Except as otherwise provided in these rules, in the interest of expediting a decision or for other good cause shown, a court of appeals or the Court of Criminal Appeals may suspend requirements and provisions of any rule in a particular case on application of a party or on its own motion and may order proceedings in accordance with its direction. Provided, however, that nothing in this rule shall be construed to allow any court to suspend requirements or provisions of the Code of Criminal Procedure.

Tex.R.App. P. 80(c) provides:

**Other Orders.** In addition, the court of appeals may make any other appropriate order, as the law and the nature of the case may require.

Tex.R.App. P. 31(a)(1) provides:
**(a) Time to File and Amend.**
(1) *To File.* A motion for new trial if filed may be filed prior to, or shall be filed within 30 days after, date sentence is imposed or suspended in open court.

3. The Sixth Court of Appeals later dismissed appellee's original appeals as moot.

4. Excepting citation to the Courts of Appeals opinions below.

Appeals for reconsideration in light of two irrelevant cases.

## A. Rule 2(b)

Whether Tex.R.App. P. 2(b) provides authority for a court of appeals to suspend the time limitations of Rule 31(a)(1) is the subject of conflict between the courts of appeals. In *Torres v. State*, 804 S.W.2d 918 (Tex.App.—El Paso 1990), the Eighth Court of Appeals held it may not abate an appeal and remand the cause for an out-of-time hearing under Rule 2(b) except pursuant to a bona fide point of error pending before that Court and a showing of good cause. *Id.*, 804 S.W.2d at 919. On rehearing the Eighth Court again. rejected such a practice, declining to "enlarge or extend [its] appellate jurisdiction...." *Id.*, 804 S.W.2d at 920.

The Fourth Court of Appeals disagrees. In *Harris v. State*, 818 S.W.2d 231 (Tex.App.—San Antonio 1991), the defendant requested the Court of Appeals abate his appeal and remand the case to the trial court to allow him an "out-of-time motion for new trial based on newly discovered evidence." [5] *Id.*, 818 S.W.2d at 232. The Court first noted that once it acquired jurisdiction, "that jurisdiction embraces everything in the case and every question arising which can be determined in the case...." *Ibid.*, quoting *Garcia v. Dial*, 596 S.W.2d 524, 528 (Tex.Cr. App.1980). Were the court of appeals to grant or deny a motion for new trial, then it would exceed the limits of its authority. But, in expressly rejecting *Torres*, the Fourth Court held the abatement of an appeal with a remand to conduct a hearing on an out-of-time motion for new trial does not extend its jurisdiction. *Harris*, 818 S.W.2d at 233. Therefore, the Fourth Court held that, once good cause is shown, it may suspend the time requirements of Tex.R.App. P. 31(a)(1) under Rule 2(b) and remand the cause for a hearing on an out-of-time motion for new trial. *Id.*,

818 S.W.2d at 233–235. *See also, Tuffiash v. State*, 878 S.W.2d 197, 198–201 (Tex.App.—San Antonio 1994). Other courts of appeals agree. *Hilton v. State*, 870 S.W.2d 209, 210 (Tex.App.—Beaumont 1994); *and, Cox v. State*, 797 S.W.2d 958, 959 (Tex.App.—Houston [1st Dist.] 1990).[6]

We have never ruled specifically on this issue. In *State ex rel. Cobb v. Godfrey*, 739 S.W.2d 47 (Tex.Cr.App.1987), the trial judge orally granted a motion for new trial, but did not sign an order granting the new trial until after the time period specified by Tex.R.App. P. 31(a)(1) elapsed. *Id.*, 739 S.W.2d at 48. The State brought an original proceeding asking this Court to dismiss the trial judge's order and prohibit a new trial. *Ibid.* We held that, under the Rules of Appellate Procedure, the motion for new trial was denied when it was not granted *in writing* within the time specified in Rule 31(a)(1). Although the defendant requested that we suspend the time requirements pursuant to Rule 2(b), we declined, holding he failed to demonstrate good cause to do so. *Id.*, 739 S.W.2d at 49.

Therefore, the applicability of Rule 2(b) to out-of-time motions for new trial is not only an issue upon which the courts of appeals are in conflict, but involves an important question of state law which has not been, but should be, settled by this Court. *See*, Tex.R.App. P. 200(c)(1) and (2).

Instead of addressing the Rule 2(b) issue, the majority chooses to remand this case to the First Court of Appeals "to decide whether the trial court had lawful jurisdiction to convene a hearing on the out-of-time motions for new trial." Without citation to authority, the majority believes "[t]his was a question the [First] Court of Appeals had authority to answer." However, to address this question, the First Court of Appeals will be required to review the decision of the Sixth Court of Appeals, an act clearly outside the constitu-

---

5. The Court of Appeals noted that claims of newly discovered evidence are not generally cognizable by habeas corpus. *Id.*, 818 S.W.2d at 233; and, *Ex parte Binder*, 660 S.W.2d 103 (Tex.Cr. App.1983). *But see, State ex rel Holmes v. Court of Appeals*, 885 S.W.2d 389 (Tex.Cr.App.1994) (Claims of newly discovered evidence may be cognizable by habeas corpus.).

6. The majority holds the First Court of Appeals had the authority to decide whether the trial court had lawful jurisdiction to convene a hearing on the out-of-time motions for new trial. *Ante*, at 91–92. This issue has already been resolved by the First Court of Appeals in *Cox*, 797 S.W.2d 958.

tional jurisdiction of the First Court of Appeals. Tex. Const. art. V, § 6. Indeed, the authority to review a decision of a court of appeals is vested solely in this Court.[7] Tex. Const. art. V, § 5.[8]

Thus, the majority opinion does not aid in the jurisprudence of the State and provides no guidance to the courts of appeals on an issue which has engendered conflict for more than five years. Even worse, the majority encourages the intermediate courts of appeals to ignore comity and openly review holdings from courts of co-extensive jurisdiction.

## B. TRANSFERRED CASES

The majority, again without citation to controlling authority, holds "it was correct to send the State's notice of appeal from the ... order granting a new trial to the ... [First] Court of Appeals in Houston." *Ante,* 930 S.W.2d at 90. This would generally be the case. Tex.Gov't Code Ann. §§ 22.201(b) and 22.02(h). However, the Supreme Court initially transferred these cases to the Sixth Court of Appeals. Tex.Gov't Code Ann. § 73.001. And, while the majority would apparently hold the Sixth Court of Appeals only acquired jurisdiction of appellees' claims which arose from their convictions, I am not so sure. Under Tex.Gov't Code Ann. § 73.002(a) the Sixth Court of Appeals acquired jurisdiction over the "case."[9] And the plain meaning of "case" would seem to encompass all the issues attendant to a particular criminal indictment.[10] And absent our holding that a plain meaning construction is ambiguous, or would lead to absurd consequences, we are constrained to apply the

statute as written. *Boykin v. State,* 818 S.W.2d 782 (Tex.Cr.App.1991).

It is further important to note that the State first invoked the jurisdiction of the Sixth Court of Appeals when it originally sought a writ of mandamus from that Court. Since Harris County is not within the jurisdiction of the Sixth Court of Appeals, Tex. Gov't Code Ann. § 22.201(g), the only jurisdiction the Sixth Court of Appeals could have had with regard to the mandamus proceeding must have been conferred when the Supreme Court transferred appellees' appeals to that Court. In other words the State originally argued the Sixth Court of Appeals' jurisdiction was broad enough to encompass all other actions which arose from the cases on appeal. It is only after the State received an "unfavorable" ruling that it began to challenge the jurisdiction of the Sixth Court of Appeals.

## C. *BATES* AND *GARZA*

The majority reverses this case and remands it to the First Court of Appeals to reconsider the State's point of error. *Ante,* 930 S.W.2d at 91–92. In a footnote the majority states "[w]e note that the court of appeals did not have the benefit of *State v. Bates,* 889 S.W.2d 306 (Tex.Cr.App.1994), and *Garza v. State,* 896 S.W.2d 192 (Tex.Cr. App.1995), which were decided subsequent to their decision." *Ante,* 930 S.W.2d at 92, n. 6. While such a statement is undoubtedly correct, the majority fails to explain what relevance, if any, either case bears to the instant case. I submit neither case is relevant.

---

"[s]ince the [Sixth] Court of Appeals had dismissed the appellees' original notice of appeal as moot, they no longer had jurisdiction of the dispute." *Ante,* 930 S.W.2d at 90. The State's notice of appeal in this case was filed on February 26, 1992. The Sixth Court of Appeals did not dismiss appellees' appeals until March 31, 1992.

---

7. Even had the First Court of Appeals authority to review the decision of the Sixth Court of Appeals, it should properly refuse to do so under the principles of comity.

8. Tex. Const. art. I, § 5 provides in part:

... [T]he Court of Criminal Appeals may, on its own motion, review a decision of a Court of Appeals in a criminal case as provided by law. Discretionary review by the Court of Criminal Appeals is not a matter of right, but of sound judicial discretion.

9. The majority is incorrect in stating the clerk of the trial court was correct to send the State's notice of Appeal to the First Court of Appeals

10. The definition of "case" includes:

... A judicial proceeding for the determination of a controversy between parties wherein rights are enforced or protected, or wrongs are prevented or redressed, any proceeding judicial in its nature.

BLACK'S LAW DICTIONARY 215 (6th ed. 1995).

Bates was convicted and timely filed a motion for new trial. On the same day the trial judge granted Bates' motion "as to punishment only." Some six months later Bates filed a "Motion Regarding Conduct of Trial" alleging the trial court was without authority to grant a new trial as to punishment only. The trial judge agreed and entered an order which had the effect of granting Bates a new trial "on the whole case." *Bates*, 889 S.W.2d at 307–308. We held the subsequent order was untimely and the trial court was without jurisdiction to enter the subsequent order. *Id.*, 889 S.W.2d at 310.

Bates has no application to the instant case. There is no doubt the Sixth Court of Appeals was correct to grant the State's petition for a writ of mandamus when the trial judge initially convened a hearing on appellees' out-of-time motions for new trial. However, *Bates* does not address whether, pursuant to Rule 2(b) the Sixth Court of Appeals may properly suspend the requirements of Rule 31(a)(1), abate the appeal and remand to the trial court for such a hearing.

In *Garza*, the Court of Appeals affirmed the judgment of the trial court and denied Garza's motion for rehearing. *Garza*, 896 S.W.2d at 193. Garza filed a petition for discretionary review and, thirty-two days later, the Court of Appeals withdrew its opinion and issued a new opinion granting relief. *Ibid.* The State contended the Court of Appeals was without authority to withdraw its opinion after fifteen days from the date Garza's petition for discretionary review was filed. *Id.*, 896 S.W.2d at 194. *See*, Tex. R.App. P. 101. We agreed, holding "the courts of appeals have no authority to suspend the operation of a rule of appellate procedure in order to create jurisdiction in the court of appeals where no jurisdiction exists." *Ibid.*

*Garza* is easily distinguished because neither party challenges the authority of either the First Court of Appeals or the Sixth Court of Appeals to release their opinions in this case. And it does not follow that the use of Rule 2(b) to create jurisdiction in the Court of Appeals when it is properly in the Court of Criminal Appeals would limit the Court of Appeals' authority to apply Rule 2(b) to entirely different factual situations. *Garza*, like *Bates*, is irrelevant to the issues before this Court.

## IV.

### CONCLUSION

A conflict between the courts of appeals exists with respect to their authority to abate an appeal and remand for an out-of-time motion for new trial. Further, in a criminal justice system where cases are often transferred between courts of appeals, the majority opinion provides no guidance on when jurisdiction on transferred cases begins and ends. This case presents an opportunity to provide guidance to the bench and bar on these important issues. Instead, the majority ducks the issues and institutes a new type of review which ignores the Rules of Appellate Procedure and the principles of comity. And it does so with no legal analysis. To such a cavalier attitude toward our responsibilities as the highest criminal court in this State I must dissent.

OVERSTREET, J., joins this opinion.

CLINTON, Judge, Dissenting on Denial of Appellee's Motion for Rehearing on State's Petition for Discretionary Review.

On original submission Judge Baird appropriately criticized the majority for its *ipse dixit* ruling that the Houston First Court of Appeals "had authority" to decide whether the trial court had jurisdiction to conduct an out-of-time motion for new trial hearing. The majority on original submission never addressed the First Court's concern that for it to rule on the jurisdictional question would encroach upon the judgment of a sister court of co-ordinate jurisdiction—something only this Court has authority to do in the criminal context. See *Cleveland v. Ward*, 116 Tex. 1, 285 S.W. 1063 (1926). The Court's opinion on original submission was rendered utterly without guiding principle.

The Texarkana Court of Appeals purported to abate the appeal and send it back to the trial court to conduct an out-of-time motion for new trial hearing. *State ex rel.*

*Holmes v. Shaver,* 824 S.W.2d 285, 289 (Tex. App.—Texarkana 1992). Leaving aside the question whether the Texarkana Court can properly retain appellate jurisdiction while at the same time re-confering authority on the trial court to "rehear" (and presumably rule again on) a motion for new trial, it is clear that the Texarkana Court of Appeals did not intend to relinquish its appellate jurisdiction over the cause. The Texarkana Court subsequently dismissed the appeal as moot only because the State's notice of appeal was not timely filed there. Instead, the clerk of the trial court mistakenly filed it in the First Court of Appeals. But because at that time appeal of the cause was already pending in Texarkana, a court of co-ordinate jurisdiction, the First Court did not even have the authority to take it up. See *Cleveland v. Ward,* supra.

Had the appeal from the trial court's purported order granting a new trial been filed where it should have been, in the Texarkana Court, that court would undoubtedly have ruled that its opinion on mandamus had already essentially disposed of the question of the trial court's authority to rule on the out-of-time motion for new trial. See *State ex rel. Holmes v. Shaver,* supra. After all, this Court had refused to entertain the State's mandamus petition asking us to undo the Texarkana Court's remand. The propriety of that remand should have been determined at *that* time by *this* Court—not by now requiring another court of appeals to second-guess the judgment of its sister court—something the First Court of Appeals rightly perceived it lacks authority to do.

The Court should grant rehearing in this matter and straighten out the mess. Because it does not, I dissent.