Donald Lee BOWLER, Appellant,

v.

The STATE of Texas, Appellee.

No. 04–90–00680–CR.

Court of Appeals of Texas,
San Antonio.

Jan. 8, 1992.

Jacquelyn L. Snyder, San Antonio, for appellant.

Fred G. Rodriguez, Former Crim. Dist. Atty., Steven C. Hilbig, Crim. Dist. Atty., Barbara Hervey, Asst. Crim. Dist. Atty., San Antonio, for appellee.

Before BUTTS, CHAPA and CARR, JJ.

## ON APPELLANT'S MOTION TO SUPPLEMENT RECORD

CARR, Justice.

Appellant has filed a motion to supplement the record. The motion states that appellant has brought to the attention of appellate counsel that certain matters were discussed between appellant and trial counsel, and that these matters are essential to appellant's claim of ineffective assistance of counsel. Appellant seeks leave to include in the record his own affidavit concerning these matters. In the alternative, appellant asks for an evidentiary hearing in the trial court on this matter.

In the affidavit, appellant states that he asked his trial counsel to obtain certain records. However, appellant does not state whether counsel obtained them. He also asserts that he provided his trial attorney with the names of witnesses who were essential to his defense, but the witnesses were not called at trial and counsel did not interview them. Appellant does not state who they were or what their testimony would have been.

The affidavit was not placed into the record in the trial court, and it is not a proper part of the appellate record. *See Farris v. State*, 712 S.W.2d 512 (Tex.Crim. App.1986); *Chambers v. State*, 194 S.W.2d 774 (Tex.Crim.App.1946). Appellant's mo-

tion to supplement the record with the affidavit is denied.

■ Appellant's alternative request for an evidentiary hearing is the equivalent of a motion for an out-of-time motion for new trial. In *Harris v. State*, 818 S.W.2d 231 (Tex.App.—San Antonio 1991, no pet.), this court abated an appeal for a hearing on whether there was good cause for allowing an out-of-time motion for new trial. In *Harris*, the appellant filed such a motion in which he raised an issue of newly discovered evidence concerning alleged perjured testimony of the State's key witness. We stated that one factor to consider in determining whether to exercise our discretion in allowing an out-of-time motion for new trial is whether the issue sought to be resolved can serve as a basis for post-conviction habeas corpus relief. We pointed out that if the issue is not cognizable by habeas corpus, then an appellant's opportunity to have his claim resolved in the courts of this State would be lost.

It is well-settled in Texas that an applicant may raise the issue of ineffective assistance of counsel in a post-conviction writ of habeas corpus. *See, e.g., Ex parte Walker*, 777 S.W.2d 427 (Tex.Crim.App. 1989).[1]

Because appellant may raise the issue in a post-conviction writ of habeas corpus, the request for an evidentiary hearing is denied.[2]

---

1. Of course, a defendant may raise the issue on direct appeal as well. *See Warren v. State*, 744 S.W.2d 614 (Tex.Crim.App.1988). However, the nature of the alleged ineffective assistance should dictate the vehicle by which the claim is raised. If the allegedly deficient performance and resulting prejudice to the defendant are readily apparent from the record, whether in the trial or in a hearing on a motion for new trial, the claim may be raised and disposed of properly on direct appeal. If, however, either of the two factors depends on matters not contained in the record, the claim would best be raised in a post-conviction application for writ of habeas corpus, wherein an applicant may rely upon facts that would not appear in an appellate record.

2. We are not holding that appellant may not bring a point of error in this appeal concerning ineffective assistance of counsel. We only hold that appellant has not shown good cause for this court to use TEX. R. APP. P. 2(b) and suspend the rules to allow him an out-of-time motion for new trial in the form of an evidentiary hearing under *Harris v. State*.