**Basilio GONZALES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–96–00941–CR.**

Court of Appeals of Texas,
San Antonio.

Feb. 18, 1998.

John W. Bull, Pearsall, for Appellant.

Lynn Ellison, Dist. Atty., Reynaldo Padilla Morin, Asst. Dist. Atty., Jourdanton, for Appellee.

Before HARDBERGER, C.J., and LÓPEZ and FRANK MALONEY,[1] JJ.

## OPINION

FRANK MALONEY, Justice (Assigned).

Appellant pleaded guilty before the court to an indictment charging him with the offense of possession of a controlled substance with intent to deliver. In accordance with the plea agreement, Appellant was sentenced to 30 years confinement in the Institutional Division of the Texas Department of Criminal Justice. On appeal, Appellant proffers two points:

> **Point One:** That his plea of guilty was not made knowingly and voluntarily because he did not understand the English language and was unable to read the written admonishments, and the admonishments were not explained to him; therefore, he did not understand the consequences of his plea.

> **Point Two:** His plea was not knowingly and voluntarily made because he did not receive the effective assistance of counsel.

■ We begin by stating that Appellant may challenge only the jurisdiction of the district court to accept his plea and the voluntariness of the plea itself, having filed only a general notice of appeal. *Flowers v. State,* 935 S.W.2d 131, 134 (Tex.Crim.App.1996).

## POINT ONE

The gravamen of Appellant's complaint on appeal in his first point is that because he did not understand the English language, he was not able to read the written admonishments, which were in English, and therefore he did not understand the consequences of his plea.

The Texas Code of Criminal Procedure article 26.13 states:

> "(b) No plea of guilty ... shall be accepted by the court unless it appears that the defendant is mentally competent and the plea is free and voluntary.

> (c) In admonishing the Defendant as herein provided, substantial compliance by the court is sufficient, unless the defendant affirmatively shows that he was not aware of the consequences of his plea and that he was misled or harmed by the admonishment of the court.

> (d) The court may make the admonitions required by this article either orally or in writing. If the court makes the admonitions in writing, it must receive a statement signed by the defendant and the defendant's attorney that he understands the admonitions and is aware of the consequences of his plea ... "

TEX.CODE CRIM. PROC. ANN. art. 26.13 (Vernon 1989).

Appellant does not contest that the record reflects that he signed his name to the written court's admonitions as well as to a waiver and that he orally represented to the trial judge at the plea hearing that he had read and understood the admonitions and was voluntarily pleading guilty. *See* attached Appendix—Chronology, July 18, 1996, and September 17, 1996. Appellant correctly states that the voluntariness of a plea is determined by the totality of the circumstances surrounding the entry of the plea (*citing Munoz v. State,* 840 S.W.2d 69, 74 (Tex.App.—Corpus Christi 1992, pet. ref'd)) and that the written admonitions signed by the Appellant and the court reporter's record showing that Appellant orally represented to the court that he understood the admonitions constitute a prima facie showing that the plea was voluntary. *Fuentes v. State,* 688 S.W.2d 542, 544 (Tex.Crim.App.1985); *Crawford v. State,* 890 S.W.2d 941, 944 (Tex.App.—San Antonio 1994, no pet.).

We said in *Hinkle v. State,* 934 S.W.2d 146 (Tex.App.—San Antonio 1996, pet ref'd), that it is the trial judge's responsibility to ascertain whether a guilty plea is voluntarily and knowingly given in light of the totality of the circumstances. *Hinkle,* 934 S.W.2d at 148. In *Edwards v. State,* 921 S.W.2d 477 (Tex. App.—Houston [1st Dist.] 1996, no pet.), the Houston Court of Appeals stated that once the defendant and trial counsel have signed

---

1. Assigned to this case by the Chief Justice of the Supreme Court of Texas.

written admonishments, statements, or waivers, and the judge has established that the defendant has read and understood the admonishments, the judge is not required to orally inquire about voluntariness of the plea. *Edwards*, 921 S.W.2d at 479.

■ In this case, the record shows that the Appellant received and signed the admonishments and waivers; thus a prima facie showing exists that the guilty plea was knowing and voluntary. The burden, therefore, shifted to the Appellant to show that he entered a plea without knowledge of its consequences. *Rodriguez v. State*, 933 S.W.2d 702, 706 (Tex.App.—San Antonio 1996, pet. ref'd), *Harling v. State*, 899 S.W.2d 9, 13 (Tex.App.—San Antonio 1995, pet. ref'd); *Miller v. State*, 879 S.W.2d 336, 338 (Tex. App.—Houston [14th Dist.] 1994, pet. ref'd); *Hernandez v. State*, 885 S.W.2d 597, 601 (Tex.App.—El Paso 1994, no pet.).

Appellant contends that he did not understand the English language and was not able to read the plea papers himself, citing affidavits that were filed with the district clerk and ordered by this court as a supplementary filing. *See* Appendix—Chronology, April 11, 1997, April 23, 1997, and April 29, 1997.

In *Thomas v. State*, 932 S.W.2d 128 (Tex. App.—San Antonio 1996, no pet.), we held that a trial court is not required to orally admonish the defendant after it has received the defendant's affidavit of admonishment, as long as the trial court has no notice that the defendant did not in fact understand the admonishments and consequences of his plea. *Thomas*, 932 S.W.2d at 130. Appellant contends, however, that he raised the involuntariness of his plea in his pro-se Motion For Withdrawal of Plea and Motion For Rehearing *(see* Appendix—Chronology, October 1, 1996, October 11, 1996, and November 25, 1996), and that once the Motion For Withdrawal of Plea and Motion For Rehearing was filed, the trial judge was on notice of Appellant's non-comprehension of the consequences of his plea. Appellant argues that the court had an opportunity to cure the error by granting a hearing allowing Appellant to withdraw his plea or a new trial. See

*State v. Evans*, 843 S.W.2d 576 (Tex.Crim. App.1992).

■ The motions alluded to by Appellant (assuming, arguendo, that they were properly verified, *see Connor v. State*, 809 S.W.2d 560, 563–4 (Tex.App.—Austin 1991) (discussing requirements for inmates' motions for new trial found in Civil Practices and Remedies Code, sections 132.001–132–003), *vacated on other grounds*, 877 S.W.2d 325 (Tex.Crim. App.1994)), raise the issue of voluntariness of Appellant's plea of guilty (*see* Appendix–Chronology, October 1, 1996, and October 11, 1996), and were timely filed within the period prescribed by Texas Rule of Appellate Procedure 21.4.[2] However, there is nothing in the record to show that the pro-se motion for new trial was presented to the trial court within the 75-day period from the date the court imposed sentence in open court. *See* TEX. R.APP. P. 21.6 (Vernon 1997); *Musgrove v. State*, 960 S.W.2d 74, 75–6, (Tex.Crim.App. 1998) (discussing what the term "present" means and upholding presentment of a motion for new trial because the court did rule on the motion); *see also Carranza v. State*, 960 S.W.2d 76, 77–8, (Tex.Crim.App. 1998).

In the case at bar, the motion for new trial was denied without order, as a matter of law. *See* TEX.R.APP. P. 21.8(c) (Vernon 1997). It is also clear that the affidavits supplementing the record on appeal *(see* Appendix—Chronology, April 11, 1997) were never presented to the trial court for its consideration in support of the motion for new trial. The motion for new trial had been denied as a matter of law before the affidavits were obtained and filed with the trial court.

We, therefore, find that error was not committed by the trial court in accepting Appellant's plea of guilty, there being nothing presented to the trial court to indicate that Appellant's plea of guilty was not voluntary or that Appellant could not understand the nature and consequences of his plea.

### POINT TWO

Appellant contends that his plea was not made knowingly and voluntarily because he

---

2. The Texas Rules of Appellate Procedure amended by order of March 20, 1997, by the

Supreme Court govern all proceedings pending as of September 1, 1997.

did not receive effective assistance of counsel. He argues that before the plea and at the time the plea was entered, counsel failed to determine whether Appellant could read the admonishments or needed an interpreter in order to fully understand the rights he was waiving by pleading guilty, and that counsel was further ineffective by failing to verbally explain the written admonishments to Appellant before obtaining his signature on the plea documents.

■ The issue of ineffective assistance of counsel concerning the motion for new trial or the appeal is not before us. Only the issue of ineffective assistance of counsel as to the plea of guilty is before us. A plea of guilty is not knowingly and voluntarily made if it is made as a result of ineffective assistance of counsel. *Ex parte Burns*, 601 S.W.2d 370, 372 (Tex.Crim.App.1980). A guilty plea's validity depends on whether it was entered voluntarily, knowingly, and intelligently, but if it was entered upon the advice of an attorney, its validity depends on whether counsel was reasonably competent and rendered effective assistance. *Curry v. State*, 861 S.W.2d 479, 483 (Tex.App.—Fort Worth 1993, pet. ref'd). To successfully attack a guilty plea on the basis of ineffective assistance of counsel, Appellant must show that counsel's alleged deficiencies, i.e. incom-

petency, resulted in the plea being unknowingly and involuntarily made. *Hill v. Lockhart*, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985); *Ex parte Adams*, 707 S.W.2d 646, 648 (Tex.Crim.App.1986); *Dusenberry v. State*, 915 S.W.2d 947, 949 (Tex.App.—Houston [1st Dist.] 1996, pet. ref'd).

■ In support of his contention, Appellant cites *Diaz v. State*, 905 S.W.2d 302 (Tex. App.—Corpus Christi 1995, no pet.), and *Morales v. State*, 910 S.W.2d 642 (Tex.App.—Beaumont 1995, pet. ref'd). The principles of law stated in both *Diaz* and *Morales* are applicable here, but there is nothing in the record before us or presented to the trial court to establish that, as in these cases, Appellant was illiterate or that Appellant's counsel did not personally read or explain to Appellant what was contained in the waivers and documents that he signed. The record before us clearly shows that counsel did explain to Appellant his rights and that counsel was of the opinion that Appellant did understand and did intend to waive those rights. *See* Appendix—Chronology, September 17, 1996; *see also Ex parte Marez*, 464 S.W.2d 866, 868 (Tex.Crim.App.1971).[3]

We therefore find that error was not committed by the trial court in accepting Appellant's plea of guilty, there being nothing pre-

---

3. The following dialogue occurred between the Court, the Appellant and Appellant's counsel at the time of Appellant's plea of guilty:

THE COURT: Okay, are you Basilio R. Gonzales?
MR. GONZALES: Yes, sir.
THE COURT: How old are you, Mr. Gonzales?
MR. GONZALES: Forty-seven.
THE COURT: How far did you get in school?
MR. GONZALES: Third grade.
THE COURT: All right, I'm asking you these questions, Mr. Gonzales, because there have been a number of documents that have been presented to me that appear to bear your signature, and I want to make sure that you understand what you have signed.
Are you able to speak English, sir?
MR. GONZALES: Yes, sir, I do, a little bit.
THE COURT: A little bit?
Are you able to speak English or not?
MR. GONZALES: Yes, sir, I say I can speak English.
THE COURT: Okay, the purpose of these questions is that there have been a number of documents presented to me that appear to have your signature.

Did your attorney go over these papers with you?
MR. GONZALES: Yes, sir.
THE COURT: Did you understand them?
MR. GONZALES: Yes, sir.
THE COURT: They are in English.
MR. GONZALES: Yes, sir.
THE COURT: And he explained them to you in English?
MR. GONZALES: Yes, sir.
THE COURT: Did you understand what they say?
MR. GONZALES: Yes, sir.
THE COURT: Okay, I want to make sure.
Steve, did you go over these papers with your client?
MR. PENA: Yes, Your Honor.
THE COURT: Do you feel like he understood them?
MR. PENA: Yes, sir.
THE COURT: And you had no problem communicating with him?
MR. PENA: No, sir.
THE COURT: Mr. Gonzales, are you satisfied with Mr. Pena being your lawyer?
MR. GONZALES: Yes, sir.

sented to the trial court that would establish ineffective assistance of counsel.

Having made findings on the basis of the record before the trial court as to the two points raised on appeal, we are presented with the question of whether or not this should end the matter as far as this appeal is concerned or whether we could and/or should abate this appeal and remand to the trial court for further hearings concerning the validity of Appellant's plea of guilty.

On April 22, 1997, we clarified our Order of December 5, 1996, to the effect that Appellant was not limited to jurisdictional matters, but could also raise the issue of voluntariness of his plea on appeal. *See* Appendix—Chronology, April 22, 1997. On April 23, 1997, Appellant filed with the trial court the affidavits of Zapata, Pruitt, Montemayor, and Trevino in support of his motion for new trial and requested that he be allowed to supplement the record with the affidavits. *See* Appendix—Chronology, April 23, 1997. On April 29, 1997, we approved the supplementation. At oral argument on appeal, counsel for Appellant requested that we consider the affidavits, although neither the affidavits nor the motion for new trial had been presented to the trial court. Recognizing that we are not a fact-finding tribunal, but rather a reviewing court, we requested counsel for both sides to submit supplemental briefs on the issue of remand. These briefs were subsequently filed and are presently before us for consideration.

Texas Rule of Appellate Procedure 2 authorizes an appellate court, on a party's motion or on its own initiative, and in order to expedite a decision or for other good cause to "suspend a rule's operation in a particular case and order a different procedure; but a court must not construe this rule to suspend any provision of the Code of Criminal Procedure." Tex.R.App. P. 2 (Vernon 1997). In *State v. Adams et al.*, 930 S.W.2d 88 (Tex. Crim.App.1996), the court of criminal appeals discussed this rule as to issues not relevant here. *See Adams*, 930 S.W.2d at 90–92. However, the dissent, in its discussion of whether or not the rule provides authority for a court of appeals to suspend the time limitations of then Rule 31(a)(1), now Rule 21.4 (motion for new trial), pointed out that this question is in conflict between the courts of appeals. *See id.* at 94 (Baird J., dissenting) (*citing Torres v. State*, 804 S.W.2d 918 (Tex.App.—El Paso 1990, pet. ref'd); *Harris v. State*, 818 S.W.2d 231 (Tex.App.—San Antonio 1991, no pet.); *Tuffiash v. State*, 878 S.W.2d 197 (Tex.App.—San Antonio 1994, pet. ref'd)). The dissent noted that the court of criminal appeals had not yet rendered a decision on this point. *Id.*

In its supplemental brief, the State cites *Ex parte Walker*, 777 S.W.2d 427, 429 (Tex. Crim.App.1989); *Monreal v. State*, 923 S.W.2d 61, 72 (Tex.App.—San Antonio 1996), *aff'd*, 947 S.W.2d 559 (Tex.Crim.App.1997); and *Bowler v. State*, 822 S.W.2d 334, 335 (Tex.App.—San Antonio 1992, pet. ref'd), as authority that we should not suspend the rules but should allow the matter to terminate, pointing out that, as in *Ex parte Walker*, the appellant has an adequate remedy in the form of a postconviction writ under Texas Code of Criminal Procedure art. 11.07. In *Bowler*, the appellant filed a motion to supplement the record with his own affidavit concerning matters of ineffective assistance of counsel and also asked us to order an evidentiary hearing in the trial court on the matter. *Bowler*, 822 S.W.2d at 334. We denied the appellant's request to supplement the record with the affidavit. *Id.* at 335. To his request for an evidentiary hearing, we stated that such a request is the equivalent of a motion for out-of-time motion for new trial. *Id.* In *Harris v. State*, we abated an appeal for a hearing on whether there was good cause for allowing an out-of-time motion for new trial, because the appellant had filed a motion in which he raised an issue of newly discovered evidence concerning alleged perjured testimony. *Harris*, 818 S.W.2d at 233. We stated that one factor to consider in determining whether to exercise our discretion in allowing an out-of-time motion for new trial is whether the issue sought to be resolved could serve as a basis for postconviction habeas corpus relief, and that if the issue is not cognizable by habeas corpus, then an appellant's opportunity to have his claim resolved in the courts of this state

would be lost.[4] *Id.* Certainly, voluntariness of plea of guilty and ineffective assistance of counsel on plea of guilty are cognizable under article 11.07. *See Ex parte Diaz,* 610 S.W.2d 765 (Tex.Crim.App.1981).

Appellant cites *Oldham v. State,* 889 S.W.2d 461 (Tex.App.—Houston [14th Dist.] 1994), *pet. dism'd,*— S.W.2d ——, No. 1350–94, 1996 WL 333687 (Tex.Crim.App. June 19, 1996). In *Oldham,* following conviction and sentencing, the defendant filed notices of appeal and of indigency pro se. *Id.* at 461. The court of appeals held that failure to appoint counsel for the appeal until after the deadline for filing a motion for new trial had passed was a denial of the right to counsel at a critical stage of the proceeding and thus the appeal would be abated to allow the defendant time to file a motion for new trial. *Id.* at 463. The Appellant contends that the affidavits filed as part of the record in this cause contained matters that would have been relevant in a hearing on a motion for new trial, and, as appellate counsel was appointed after the time had expired for hearing on the motion for new trial, that we should abate the appeal and extend the time for hearing on a motion for new trial to resolve the issues regarding the voluntariness of the plea and ineffective assistance of counsel claims. *See Trevino v. State,* 565 S.W.2d 938, 941 (Tex.Crim.App.1978).

The gravamen of Appellant's claim is that he did not understand the English language and could not understand the consequences of his plea, and that nothing was done by counsel to alleviate the problem.

The issue is whether there exists good cause for this court to remand for an out-of-time hearing on Appellant's motion for new trial.

■ Assuming that the affidavits of Zapata, Pruitt, Montemayor, and Trevino are to be considered as part of the motion for new

trial and that testimony of the affiants as stated in the affidavits would be forthcoming, we are of the opinion that, in view of the contents of the court reporter's record, there does not exist good cause to abate the appeal and order an out-of-time hearing on Appellant's motion for new trial.

The court reporter's record establishes that the Appellant testified in English at length during the punishment hearing; over ten pages of testimony, both direct and cross-examination, of Appellant appear in the record. The Appellant appears to have understood the questions and to have lucidly answered them all in English without the help of an interpreter. Although the affidavits of Zapata and Trevino state "it did not appear he spoke English" (Zapata), and "Mr. Gonzales had difficulty communicating in English" (Trevino), the court reporter's record is to the contrary. *See Vargas v. State,* 627 S.W.2d 785, 787 (Tex.App.—San Antonio 1982, no pet.); *Cantu v. State,* 716 S.W.2d 688, 690 (Tex.App.—Corpus Christi 1986, no pet.).

We hold that Appellant has not shown good cause for this court to utilize Texas Rule of Appellate Procedure 2 to suspend the rules so as to order remand for an out-of-time motion for new trial hearing.

The judgment of the trial court is affirmed.

### *APPENDIX*

### *CHRONOLOGY*

February 20, 1996: Appellant is charged by indictment with first degree felony of possession of a controlled substance with intent to deliver.

February 27, 1996: In accordance with article 26.05, Texas Code of Criminal Procedure, counsel is appointed to represent him.

---

4. In *Bowler,* we pointed out that a defendant may raise the issue on direct appeal as well, citing *Warren v. State,* 744 S.W.2d 614 (Tex.Crim.App. 1988). *Bowler,* 822 S.W.2d at 335 n. 1. However, the nature of the alleged ineffective assistance should dictate the vehicle by which the claim is raised. If the allegedly deficient performance and resulting prejudice to the defendant are

readily apparent from the record, whether in the trial or in a hearing on a motion for new trial, the claim may be raised and disposed of properly on direct appeal. If, however either of the two factors depends on matters not contained in the record, the claim would best be raised in a post-conviction application for writ of habeas corpus.

July 18, 1996: Appellant executes and swears to a document before Irene Zapata, Deputy District Clerk of Frio County, that he understands the admonishments (in writing), he is aware of the consequences of his plea and is waiving his rights, and "was totally satisfied with the representation provided by his attorney who provided fully effective and competent representation." This same document also is signed by appointed counsel, the prosecutor, and the presiding judge and further states that Appellant's "plea was freely and voluntarily entered."

September 17, 1996: Appellant is adjudged guilty of the offense charged, and in accordance with a plea agreement placing a limit of thirty years on confinement, is sentenced to thirty years confinement in the Institutional Division of the Texas Department of Criminal Justice. Appellant also executes a document waiving his right to file a motion for new trial, arrest of judgment and appeal to the court of appeals. The document recites:

"[A]ll the above legal rights have been fully explained to him by his legal counsel and he understands all of said rights, that he does here and now in open court, in writing, deliberately and knowingly agree and consent to waive all the above rights and the defendant here now, in open court, (does) affirmatively state to the court that he does not wish to file a motion for new trial; that he does not wish to file a motion in arrest of judgment; that he does not wish to give notice of appeal to the Court of Appeals...." This document is also signed by the Appellant, his counsel, and the prosecutor, and contains a statement over the court's signature:

"It clearly appearing to the court that the defendant, after having the above rights explained to him by the court and his attorney, understands the consequences of waiving his right to file a motion for new trial, a motion in arrest of judgment, and to give notice of appeal to the Court of Appeals, and that he voluntarily, knowingly and intelligently waived such rights, said waiver is accepted by the court and ordered filed in the minutes of this case."

This document is file-marked September 17, 1996.

October 1, 1996: Appellant sends a letter signed by him to the court, alleging that he did not understand the proceedings and requesting reconsideration of his sentence and includes a written statement of an inmate stating that he had prepared the document for Appellant's signature. This document is file-marked October 1, 1996.

October 11, 1996: Appellant files with the district clerk of Frio County a number of documents. Document #1: "Pro–Se Motion Requesting to Set A Non–Jury Trial Hearing Date." The motion requests that a non-jury trial hearing date be set on: (1) a pro-se motion "requesting appointment of counsel to represent in rehearing, new trial, and/or appeals;" (2) pro-se motion "requesting withdrawal of plea, and set a rehearing;" (3) pro-se motion "requesting extension for time to file motions for rehearings, new trial, and/or appeals." In this particular motion, Defendant states that he "is at a critical stage in proceedings and requires a response as soon as time permissible." Attached to that motion is a motion purporting to be an affidavit, addressed to the judge and stating that the Defendant would like to appeal the judgment and sentence that was imposed on him. It also states that "no notary was available."

In the Pro–Se "Motion Requesting An Extension Of Time To File Motions For Rehearings, New Trial, and/or Appeals", the Appellant states that he has submitted a motion requesting that "an appointment of counsel be granted to represent him in rehearing, new trial, and/or appeals. He is at a critical stage in the proceeding and is awaiting the court's permission granting the Defendant an appointed counsel to represent him in the above numbered cause and rehearings, new trial, and/or appeals; that when he does get appointed counsel, he is sure that the counsel would require additional time to properly submit motions on time within the statutes and that he

wishes to appeal his punishment judgment."

In the Pro–Se Motion requesting that he be allowed to withdraw his plea bargain and that a rehearing be set, he alleges that he has attempted to contact his appointed counsel to submit proper motions to withdraw his plea and "has been denied by his counsel in reaching him to do this." He further alleges that he suffered a stroke which left him physically and mentally disabled; that this affected his reasoning to comprehend, and his recollection; that he does not recall the plea bargain terms and/or when he signed the plea bargain; that he does not understand the English language and could not understand the plea bargain, and that he signed it due to not having a translator during the proceedings. He has memory losses, only completed a third-grade education, does not know how to read or write, and he does not know why his lawyer did not seek a first-time drug offender punishment; he does not believe that his appointed counsel acted in his best interest in his defense, and he wishes to withdraw his signing of the plea bargain because he does not understand what he signed and/or comprehend, what it contains or what was said to him.

In the motion "requesting the appointment of counsel to represent him in new trial and/or appeal hearings or rehearings," Appellant states "that upon granting of an appointment of counsel, counsel would then submit proper motions and requests as needed to the court on Defendant's behalf, he is not an attorney and needs help to properly correct the erra (sic) in the interest of justice. Attached to this motion is a Pauper's Oath, stating that Appellant swears on his oath that he is poor and unable to hire an attorney to represent him in the above-captioned cause, and that he is incarcerated, has no job, is not able to work due to physical disabilities, and cannot afford to hire a lawyer. All of these documents state that a notary was not available to him, and all were written, according to an attached letter, by another inmate for the Appellant's signature.

October 11, 1996: Appellant filed with the Frio County district clerk a general notice of appeal.

November 25, 1996: The records of the Frio County District Clerk's Office (District Clerk's record), including Appellant's pro-se motions were filed with this court.

December 5, 1996: Counsel heretofore appointed by the trial court on February 27, 1996, to represent the Defendant filed a motion to withdraw as counsel, alleging that at the time of sentencing on September 17, 1996, he was discharged from further representation by the court (neither the court reporter's record nor the District Clerk's records reflect such a discharge). He also stated in his motion that "it is believed that Basilio R. Gonzales is representing himself in this matter."

December 5, 1996: This court entered an order stating that Appellant's general notice of appeal, heretofore filed, did not comply with TRAP 40(b)(1), pointing out that a general notice of appeal confers jurisdiction on a court of appeals to address only jurisdictional issues, citing *Lyon v. State*, 872 S.W.2d 732, 736 (Tex. Crim.App.1994), *cert. denied*, 512 U.S. 1209, 114 S.Ct. 2684, 129 L.Ed.2d 816, and that the Court of Criminal Appeals has held that a defendant who fails to comply with Rule 40(b)(1) may still contest on appeal the voluntariness of his negotiated plea, citing *Flowers v. State*, 935 S.W.2d 131 (Tex.Crim.App.1996). We also ordered that the Appellant file in this court a supplemental transcript containing his Notice of Appeal and a verified statement that he was raising only jurisdictional errors on appeal or that he was contesting the voluntariness of his plea. We gave Appellant until January 3, 1997 to comply.

January 3, 1997: Appellant's trial counsel filed with this court a document entitled "Appellant's Response to Show Cause Order and Request for Leave of Court For Additional Time to File A Verified Statement Contesting The Voluntariness of His Plea." Counsel, citing *Hughes v. State*, 833 S.W.2d 137, 139 (Tex.Crim.

App.1992), contended that Texas Code of Criminal Procedure article 26.13 had been substantially complied with and that this was sufficient to constitute a prima facie showing of a knowing and voluntary plea of guilty; that a diligent and careful review of the record precluded him from stating that Appellant's plea in the instant case was not made in substantial compliance with Texas Code of Criminal Procedure article 26.13, and that he could not diligently represent Appellant in showing that he entered into his plea without understanding the consequences of his plea, counsel argued that the burden of making such a showing would create an unconscionable conflict between Appellant and counsel, and that counsel should be allowed to withdraw. He requested that additional time be allowed to file a verified statement contesting the voluntariness of the plea, and that another attorney be appointed to assist Appellant in filing such a statement.

January 23, 1997: This Court entered an additional order holding counsel's motion to withdraw in abeyance and granting additional time to file a verified statement showing that he was contesting the voluntariness of Appellant's plea on appeal until February 21, 1997.

February 19, 1997: Trial counsel filed a verified statement as to appellate jurisdiction, stating that Appellant was contesting only the voluntariness of his plea.

February 26, 1997: This Court entered an Abatement Order granting Appellant's Motion for Extension of Time to File a Transcript and granting trial counsel's motion to withdraw as counsel. Temporarily abating the appeal, we remanded to the trial court to appoint new counsel for appeal. We also authorized the filing of a supplemental transcript containing the trial court's order of appointment and an order that the appeal be reinstated as of the date the order was subsequently received by this Court.

April 9, 1997: The supplemental transcript containing the Order of Appointment was filed with this court.

April 11, 1997: Appellant filed with the trial court the affidavits of Irene Zapata, Velma Pruitt, Santiago Montemayor, and Ofelia Trevino.

April 14, 1997: This court entered an order reinstating the appeal and granting Appellant's motion for extension of time to file the statement of facts (court reporter's record) until June 9, 1997.

April 17, 1997: The statement of facts (court reporter's record) was received by this court and filed.

April 22, 1997: This court issued an order clarifying its order of April 14, 1997, allowing Appellant to raise not only jurisdictional issues, but also the issue of voluntariness of his plea.

April 23, 1997: Appellant filed a motion for leave to supplement the record, alleging that Irene Zapata, Velma Pruitt, Santiago Montemayor, and Ofelia Trevino had given affidavits in support of Appellant's motion for new trial concerning appellant's inability to speak English, that due to the fact his motions were filed pro-se, he had not been in a position to obtain these affidavits regarding the voluntariness of his plea, and that due to the nature of Appellant's claim, he was not able to rely on trial counsel to pursue this matter. He requested that the court grant his motion to supplement the record with the affidavits.

April 29, 1997: This Court approved the filing of the supplementation.

The Appellate briefs were filed both by the State and the Appellant.

October 30, 1997: Oral argument was heard before the Court of Appeals on behalf of the Appellant and the State.

November 12, 1997: State filed with this court its supplemental brief.

November 18, 1997: Appellant filed with this court his supplemental brief.