99-00558 Trujillo v State of Texas.wpd



No. 04-99-00558-CR



Francisco TRUJILLO,


Appellant



v.



STATE of Texas,


Appellee



From the 290th Judicial District Court, Bexar County, Texas


Trial Court No. 98-CR-2151


Honorable Sharon MacRae, Judge Presiding



Opinion by: Paul W. Green, Justice


Sitting: Catherine Stone, Justice

 Paul W. Green, Justice

 Karen Angelini, Justice


Delivered and Filed: November 8, 2000


AFFIRMED


 Francisco Trujillo pled guilty to a charge of possession of a controlled substance.
Pursuant to a plea bargain, the trial court assessed punishment at eight years confinement.
On appeal, Trujillo complains the trial court erred in denying his motion for new trial.
Trujillo claims his plea was involuntary because his attorney led him to believe he would
receive probation. We affirm the trial court's judgment.

 Prior to making his plea, Trujillo signed a written admonishment agreeing that he had
"received no promise from the prosecutor, my attorney or the Court" which was not set forth
in the written plea bargain. At the plea hearing, the trial court admonished Trujillo that it
would be "strictly up to the Court" whether he received probation or eight years in prison.
Trujillo said he understood and he was pleading guilty because he was guilty. 

 At the hearing on the motion for new trial, Trujillo testified he was initially offered
a plea bargain for four years jail time. He says he turned down that offer for an eight year
maximum offer because his attorney told him he would receive probation. Trujillo's trial
attorney confirmed the four year offer had been made. Trial counsel also testified he told
Trujillo that with the eight year plea bargain the State would stand silent. He explained this
meant the prosecutor would not try to keep Trujillo from getting probation but would not
recommend probation. Trial counsel testified he never promised Trujillo he would get
probation.

Jurisdiction

 The State argues we have no jurisdiction to hear Trujillo's voluntariness claim under
Tex. R. App. P. 25.2(b)(3). Although Rule 25.2(b)(3) limits our jurisdiction in appeals that
arise from plea bargained convictions, even under a general notice of appeal, we retain
jurisdiction to review the voluntariness of a defendant's guilty plea. See Martinez v. State,
5 S.W.3d 722, 725 (Tex. App.-San Antonio 1999, no pet.); Luna v. State, 985 S.W.2d 128,
130 (Tex. App.-San Antonio 1998, pet. ref'd) (citing Flowers v. State, 935 S.W.2d 131, 134
(Tex. Crim. App.1996)); see also Lyon v. State, 872 S.W.2d 732, 736 (Tex. Crim. App.
1994); Hernandez v. State, 986 S.W.2d 817, 820 (Tex. App.-Austin 1999, pet. ref'd). We
conclude we have jurisdiction to consider Trujillo's appeal based on voluntariness of his
plea.

The Plea

 We review the entire record to determine if a guilty plea was voluntarily made.
Martinez v. State, 981 S.W.2d 195, 197 (Tex. Crim. App. 1998); Gonzales v. State, 963
S.W.2d 844, 847 (Tex. App.-San Antonio 1998, no pet.). When the trial court properly
admonishes the defendant, voluntariness is presumed. Crawford v. State, 890 S.W.2d 941,
944 (Tex. App.--San Antonio 1994, no pet.). The burden then shifts to the defendant to show
he pled guilty without understanding the consequences of his plea and, as a result, suffered
harm. Id.; Cantu v. State, 993 S.W.2d 712, 717 (Tex. App.-San Antonio 1999, pet. ref'd);
Gonzales, 963 S.W.2d at 847; see also Tex. Code Crim. Proc. Ann. art. 26.13(c) (Vernon
1989). The admonition may be made orally or in writing. Tex. Code Crim. Proc. Ann. art.
26.13(d) (Vernon 1989).

 When, as here, the issue of voluntariness is raised in a motion for new trial, the judge
presiding over the motion for new trial is the trier of fact, and the trial judge's findings
should not be disturbed absent an abuse of discretion. See Lewis v. State, 911 S.W.2d 1, 7
(Tex. Crim. App. 1995); Guevara v. State, 4 S.W.3d 771, 779 (Tex. App.-San Antonio 1999,
no pet.).

 In this case, the evidence presented to the trial court was conflicting. The trial court
was entitled to believe the testimony of trial counsel and disbelieve the testimony of Trujillo.
We will not substitute our judgment for that of the trial court. Accordingly, we hold Trujillo
failed to demonstrate his guilty plea was involuntary. We affirm the trial court's judgment.
 

 PAUL W. GREEN,

 JUSTICE


DO NOT PUBLISH