00-00272 Salazar v State of Texas.wpd



No. 04-00-00272-CR



Daniel SALAZAR,


Appellant



v.



STATE of Texas,


Appellee



From the 144th Judicial District Court, Bexar County, Texas


Trial Court No. 1999-CR-5176


Honorable Mark R. Luitjen, Judge Presiding



Opinion by: Phil Hardberger, Chief Justice


Sitting: Phil Hardberger, Chief Justice

 Paul Green, Justice

 Karen Angelini, Justice


Delivered and Filed: November 8, 2000


AFFIRMED


 Daniel Salazar ("Salazar") pled nolo contendere to the charges of Aggravated Sexual Assault
of a Child and Burglary of a Habitation. He claims that his plea was not made voluntarily, due in
part to ineffective assistance of counsel. Salazar maintains that because of his attorney's ineffective
assistance, and Salazar's subsequent plea agreement, Salazar was unduly prejudiced during the
sentencing phase. We hold Salazar's plea was entered voluntarily and find no ineffective assistance
of counsel. 

 We affirm the judgment of the trial court.

Background

 Salazar was indicted for aggravated sexual assault of a child and burglary of a habitation.

He pled nolo contendere before the trial court, executing a sworn statement that he had received
written admonishments concerning the range of punishment. Salazar testified under oath that he
understood the range of punishment was from 5 to 99 years or life in prison. The trial court gave
both written and oral admonishments regarding Salazar's rights under the State and Federal
constitutions. These included his right to a jury trial, right to confront witnesses, and his right to
remain silent. Salazar was questioned by the trial court regarding the specific terms of the plea
agreement. Salazar testified that he was freely waiving these rights in order to obtain the benefits
of a plea bargain, by which the trial court could sentence him to up to15 years confinement without
probation and a fine of up to $1,000 dollars. Salazar confirmed that his plea was freely and
voluntarily given, and after examining all of the evidence against him, felt that it was in his best
interest to enter a plea of nolo contendere. After an investigation into the voluntariness of Salazar's
plea, the trial court accepted the plea, and found the evidence sufficient to prove Salazar's guilt.

 During the sentencing hearing, Salazar called two witnesses and testified on his own behalf.
The trial court denied his application for probation, sentencing Salazar to 13 years in prison and a
$1,000 fine. This sentence was within the terms of the plea agreement.


Discussion

 A. Voluntariness of the Plea

 In his first point of error, Salazar claims that his plea was involuntarily made. Specifically,
Salazar maintains that he entered the plea without the benefit of a detailed explanation of the
elements of the charges against him. Salazar argues that without such information, he could not have
entered his plea intelligently. Underlying Salazar's entire appeal is his general dissatisfaction with
the trial court's sentence. 

 A plea of nolo contendere shall not be accepted unless the trial court determines that the
defendant appears mentally competent and the plea is made voluntarily, intelligently, and knowingly.
Tex. Code Crim. Proc. Ann. art. 26.13 (Vernon 1989). The trial court must examine the totality
of the circumstances surrounding the entry of the plea when determining whether it was made
voluntarily and knowingly. Cantu v. State, 993 S.W.2d 712, 716 (Tex. App.-San Antonio 1999, pet.
refused); Gonzalez v. State, 963 S.W.2d 844, 846 (Tex. App.-San Antonio 1998, no pet.). Where
the defendant and trial counsel have signed written admonishments, and the trial court has
established that the defendant has read and understood the admonishments, the trial judge is not
obligated to orally inquire about the plea's voluntariness. Cantu, 993 S.W.2d at 716-17. Written
admonitions signed by the defendant and the defendant's oral representations to the court as to the
record of his understanding of the admonitions constitute a prima facie showing that the defendant's
plea was voluntary and knowingly made. Fuentes v. State, 688 S.W.2d 542, 544 (Tex. Crim. App.
1985); Cantu, 993 S.W.2d at 717. Once such a prima facie showing is made, the burden then shifts
to the defendant to demonstrate that the plea was entered without knowledge of its consequences.
Cantu v. State, 993 S.W.2d 712, 717 (Tex. App.-San Antonio 1999, pet. refused); Gonzales, 963
S.W.2d at 846.

 Although Salazar contends that he entered his plea without the benefit of a detailed
explanation of the charges against him, the record reflects Salazar received a detailed explanation
of the offenses to which he pled. Salazar swore under oath that he read and signed these same
explanatory descriptions. The record also shows that Salazar did not have a plea agreement for
deferred adjudication, and Salazar testified that he had reviewed his plea papers with his attorney and
understood them. The record contains admonishments that substantially comply with article 26.13
of the code of criminal procedure, creating a prima facie showing of voluntariness. Tex. Code
Crim. Proc. Ann. art. 26.13 (Vernon 1989). Despite the fact that the trial court is not obligated to
inquire orally into the voluntariness of a defendant's plea, the trial court did so in this case. Cantu,
993 S.W.2d at 716-17. Salazar testified that he understood the applicable punishment range and that
no one was promising him anything in exchange for his plea of nolo contendere. Salazar testified
that he was only requesting, or rather hoping, that the trial court grant him probation. The fact that
Salazar received a higher punishment than he anticipated does not render his plea involuntary.
Thomas v. State, 2 S.W.3d 640,642 (Tex. App.-Dallas 1999, no pet.); Tovar-Torres v. State, 860
S.W.2d 176, 178 (Tex. App.-Dallas 1993, no pet.). Salazar has not rebutted the prima facie showing
of voluntariness established by the record. Appellant's first point of error is overruled.

 B. Ineffective Assistance of Counsel

 Closely related to Salazar's first point of error regarding the involuntariness of his plea is his
second claim of ineffective assistance of counsel. The criminally accused are afforded the right to
assistance of counsel under both the United States and Texas constitutions. U.S. Const. amend. VI;
Tex. Const. art I. § 10. The criminal defendant is entitled to not only the assistance of counsel, but
to the reasonably effective assistance of counsel. Strickland v. Washington, 466 U.S. 668, 687
(1984); Ex parte Morrow, 952 S.W.2d 530, 536 (Tex. Crim. App 1997). This standard applies to
challenges made under both the United States and Texas constitutions. Hernandez v. State, 726
S.W.2d 53, 56-57 (Tex. Crim. App. 1986).

 The Strickland effectiveness of counsel standard is applied in claims arising out of the plea
process. Hill v. Lockhart, 474 U.S. 52, 57-58 (1985). A defendant who enters a plea and later raises
a claim of ineffective assistance of counsel must establish by preponderance of the evidence that:
(1) counsel's performance and advice was below an objective standard of reasonableness; and (2)
there is a reasonable probability that, but for counsel's errors, the defendant would not have pleaded
guilty and would have insisted on going to trial. Hill, 474 U.S. at 59; Strickland, 466 U.S. at 687;
Tollett, 411 U.S. at 266; see Ex parte Adams, 707 S.W.2d 646, 648 (Tex. Crim App. 1986); Thomas
v. State, 2 S.W.3d 640, 641 (Tex. App.-Dallas 1999, no pet); Cantu, 993 S.W.2d at 717. 

 "[W]e indulge [in] a strong presumption that counsel's conduct falls within a wide range of
reasonable representation." Strickland, 466 U.S. at 689. Any allegation of ineffectiveness must be
firmly founded in the record, and the record must affirmatively demonstrate the alleged
ineffectiveness. Thompson v. State, 9 S.W.3d 808, 812; Mc Farland v. State, 928 S.W.2d 482, 500
(Tex. Crim. App. 1996); Ex parte Cruz, 739 S.W.2d 53, 59 (Tex. Crim. App. 1987). 

 The Texas Court of Criminal Appeals has cautioned that an appellate court should be
especially hesitant to find ineffective assistance of counsel based upon a single alleged
miscalculation during an otherwise competent and satisfactory representation. Thompson, 9 S.W.3d
at 814. This is especially true when the record provides no discernable explanation of the motivation
behind counsel's actions. Id. 

 Salazar complains that the trial counsel did not object to the evidence that Salazar claimed
was untrue. Salazar further complains that trial counsel failed to object when the trial court
incorrectly referenced the age of the victim as twelve rather than thirteen. The record is silent as to
why trial counsel chose not to object. In reviewing the totality of the representation, the record
reveals that trial counsel made objections when he deemed them appropriate. Salazar has failed to
rebut the presumption that trial counsel's decision not to object was reasonable. Thompson, 9
S.W.3d at 814. Similarly, the record is silent with respect to the reason trial counsel decided not to
have Salazar tested for the venereal disease he purportedly transmitted to the victim. As a result, we
presume trial counsel's decision was a reasoned trial strategy. See id.

 Salazar further contends that trial counsel failed to investigate and acquaint himself with the
facts of the case. The record does not support this contention. Trial counsel had a firm grasp of the
facts and events surrounding Salazar's charges, and he pursued a reasonable trial strategy based on
the evidence against Salazar.

 Salazar also asserts that trial counsel was ineffective because he failed to call witnesses to
rebut the trial court's impression that Salazar was a member of a gang. The record does not support
this assertion. Salazar was questioned by trial counsel regarding the allegations of gang
involvement, and trial counsel elicited satisfactory answers from Salazar in an effort to rebut the
gang allegations. 

 Salazar finally complains that trial counsel failed to withdraw Salazar's plea after Salazar
testified that he did not actually commit the burglary of which he was charged, but rather was only
present with the real participants. Salazar's testimony is not grounds for withdrawing his plea, but
rather is an attack on the sufficiency of the evidence to support the plea. We do not have jurisdiction
to consider this complaint. Tex. R. App. P. 25.2.(b)(3); Lyon v. State, 872 S.W.2d 732, 736 (Tex.
Crim. App. 1994). Salazar's second point of error is overruled.

Conclusion

 The trial court's judgment is affirmed.


 Phil Hardberger, Chief Justice

DO NOT PUBLISH