# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-00-00737-CR

**Hiram Licea, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE COUNTY COURT AT LAW NO. 2 OF WILLIAMSON COUNTY
### NO. 00-3955-2, HONORABLE ROBERT F. B. (SKIP) MORSE, JUDGE PRESIDING

The county court at law found appellant Hiram Licea guilty of assault by offensive contact and imposed a $100 fine. *See* Tex. Penal Code Ann. § 22.01(a)(3) (West Supp. 2001). We will affirm.

The State challenges our jurisdiction, pointing out that the fine does not exceed $100 and Licea does not challenge the constitutionality of the statute under which he was convicted. *See* Tex. Code Crim. Proc. Ann. art. 4.03 (West Supp. 2001). The State fails to notice that the jurisdictional limitation contained in article 4.03 applies only to cases tried in an inferior court and appealed do novo to the county court at law. This Court has jurisdiction of the appeal.

Licea represents himself on appeal. His first issue asserts that the complainant was coached during her testimony by a victim services coordinator for the Williamson County Sheriff's Department. As proof, Licea refers to an affidavit prepared by his trial counsel attached as an appendix to his brief. Licea did not file a motion for new trial and the affidavit was not introduced

in evidence. Affidavits and documents attached to an appellate brief are not part of the record and may not be considered. *Pollan v. State*, 612 S.W.2d 594, 596 (Tex. Crim. App. 1981); *Bowler v. State*, 822 S.W.2d 334, 334 (Tex. App.—San Antonio 1992, pet. ref'd). Issue one is overruled.

In issue two, Licea contends he was denied a fair trial because the court did not rule on three pretrial motions. Counsel announced ready for trial and there is no showing in the record that these motions were brought to the attention of the court for a ruling. We further note that one of the motions was for the production of exculpatory or mitigating evidence; prior to trial, the prosecutor announced that the State had no such evidence. We infer from this that the other issues were also resolved informally by counsel. Issue two is overruled.

Licea's final issues asks, "Did the [trial court] erroneously and improperly reach a guilty verdict based upon the false testimony of a scorned, vindictive 43-year old alleged victim when the victim realized the 32-year old appellant wanted to end their relationship forever and asked for his $5000 ring back and had to take her to small claims court to get the ring back?" The defense called Licea and two other witnesses who contradicted the complainant's testimony. It was for the court, as trier of fact, to determine the credibility of all the witnesses and the weight to give their testimony. *See Bonham v. State*, 680 S.W.2d 815, 819 (Tex. Crim. App. 1984); *Castellano v. State*, 810 S.W.2d 800, 807 (Tex. App.—Austin 1991, no pet.); Tex. Code Crim. Proc. Ann. art. 38.04 (West 1979). There is no evidence that the complainant perjured herself. A decision is not manifestly unjust because the fact-finder resolved conflicting views of the evidence in the State's favor. *Roise v. State*, 7 S.W.3d 225, 233 (Tex. App.—Austin 1999, pet. ref'd). Issue three is overruled.

The judgment of conviction is affirmed.

_____

Bea Ann Smith, Justice

Before Justices Kidd, B. A. Smith and Puryear

Affirmed

Filed:   June 7, 2001

Do Not Publish