COURT
OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
NO. 2-02-186-CR
 
DUNG HOANG NGUYEN    
                                                        APPELLANT
V.
THE STATE OF TEXAS                                                                  
STATE
------------
FROM THE 158
TH DISTRICT COURT OF DENTON
COUNTY
------------
MEMORANDUM OPINION(1)
------------
       
Appellant Dung Hoang Nguyen appeals from his conviction for driving while
intoxicated (DWI). In four issues, he contends that the trial court abused its
discretion by denying his motion for new trial, in which he argued that his
guilty plea was not knowingly and voluntarily made; the trial court erred in not
sua sponte withdrawing his guilty plea on the grounds that
it was not made knowingly and voluntarily; the trial court did not adequately
admonish him regarding the consequences of his plea; and he was denied the
effective assistance of counsel. We affirm.
       
Appellant is a Vietnamese immigrant, who does not speak English very well. On
January 24, 2001, he was arrested for DWI. At a plea hearing on March 8, 2002,
appellant waived a reading of the indictment, and after being admonished orally
and in writing, appellant pleaded guilty to the offense and true to an
enhancement paragraph. At the conclusion of the hearing, the trial court
assessed punishment at fifteen years' imprisonment and a $3,500 fine.
        In
his first issue, appellant argues that the trial court abused its discretion by
denying his motion for new trial because he "did not have a full
understanding of the nature of the charge against him and the consequences of
his pleading guilty, due to language barriers and inaccurate interpretation from
family members; therefore, his guilty plea was not voluntary, knowingly and
intelligently given." Appellant claims that he was under the impression
that he would receive probation at the plea hearing.
        No
plea of guilty shall be accepted by the court unless it is freely and
voluntarily given. Tex. Code Crim. Proc. Ann. art. 26.13(b) (Vernon 1989). Due
process requires that each defendant who pleads guilty does so with a "full
understanding of the charges against him and the consequences of his plea."
Basham v. State, 608 S.W.2d 677, 678 (Tex. Crim. App.
[Panel Op.] 1980). Voluntariness of a plea is determined by the totality of the
circumstances surrounding the entry of the plea. Munoz v. State,
840 S.W.2d 69, 74 (Tex. App.--Corpus Christi 1992, pet. ref'd). Written
admonitions signed by a defendant and the court reporter's record showing that
the defendant orally represented to the court that he understood the admonitions
constitute a prima facie showing that the plea was voluntary. Fuentes
v. State, 688 S.W.2d 542, 544 (Tex. Crim. App. 1985); Courtney
v. State, 39 S.W.3d 732, 736 (Tex. App.--Beaumont 2001, no pet.). It is the
trial court's responsibility to ascertain whether a guilty plea is voluntarily
and knowingly given in light of the totality of the circumstances. Gonzales
v. State, 963 S.W.2d 844, 846 (Tex. App.--San Antonio 1998, no pet.). Once
the defendant and trial counsel have signed written admonishments, statements,
or waivers, and the judge has established that the defendant has read and
understood the admonishments, the judge is not required to orally inquire about
voluntariness of the plea. Edwards v. State, 921 S.W.2d
477, 479 (Tex. App.--Houston [1st Dist.] 1996, no pet.).
        A
trial court's ruling denying a defendant's motion for new trial is reviewed
under an abuse of discretion standard. Salazar v. State,
38 S.W.3d 141, 148 (Tex. Crim. App.), cert. denied, 534
U.S. 855 (2001); Burke v. State, 80 S.W.3d 82, 86 (Tex.
App.--Fort Worth 2002, no pet.) (op. on reh'g). In considering a motion for new
trial, the trial court possesses broad discretion in determining the credibility
of the witnesses and in weighing the evidence to determine whether a different
result would occur upon retrial. Burke, 80 S.W.3d at 87.
We do not substitute our judgment for that of the trial court, but rather, we
decide whether the trial court's decision was arbitrary or unreasonable. Id.
       
The record shows that appellant signed written admonishments regarding the
offense, which set out the offense he was charged with and the possible
punishment range. Appellant also signed a written plea of guilty and judicial
confession. Both documents are also signed by appellant's attorney, confirming
that counsel informed appellant about the consequences of his plea and the
punishment range. Appellant and his attorney signed the written admonishments
and judicial confession on March 8, 2002, the same day as the plea hearing.
       
Before the plea hearing began, counsel for appellant informed the court that
"new things have come to my mind that make me believe that [appellant]
truly doesn't understand what we're doing today and what the nature of this type
of hearing is." Counsel never explained what the "new things"
were that made him think appellant did not understand the nature of the hearing.
Counsel did inform the trial court, however, that appellant's interpreter had
spoken to appellant "clearly and at length over the entire process."
Counsel then told the court that he was ready for trial. When appellant was
brought into the courtroom, counsel informed the trial court that appellant
wanted another attorney appointed because counsel had not "been serving
[him] well [and had] . . . been tardy in court." The request was denied.
Counsel then informed the court again that he was ready.
       
During the plea hearing, the trial court asked appellant if he understood the
charges against him and the possible punishment range, and appellant stated that
he did. Appellant was represented by an interpreter at the hearing who was not a
member of his family. At the close of the hearing, appellant's counsel stated,
"I have done my best to try to communicate with my client, to explain to
him the consequences of the case, and to understand the nature of his actions. I
think that he does understand those, but there are some things that I think we
need to clarify." Counsel did not explain what needed to be clarified.
       
After the judgment of conviction was rendered, appellant filed a motion for new
trial, alleging that before trial, during a meeting with his probation officer,
he was led to believe that he would be given probation in exchange for pleading
guilty.(2) At the hearing, appellant
testified that it was his understanding that during the presentence
investigation interview, the probation officer told him he would receive
probation.  Appellant also testified that he admitted committing the
offense and pleading true to the enhancement paragraph. He also testified that
he felt confused at the plea hearing.
       
Appellant's probation officer testified that she never offered appellant
probation, but that she went over the terms of probation in case it was granted
by the trial court. She also testified that she believed appellant understood a
lot of what she told him regarding probation. Appellant's interpreter testified
that before the plea hearing she took appellant and his family to the probation
office to clarify what the probation officer had told them during the PSI
interview. According to the interpreter, appellant and his family "finally
understood from the probation officer that -- you know, the probation officer
just explained the rule, what are all the conditions and the rule if he received
probation terms."
       
The record does not indicate that appellant did not understand he was pleading
guilty to DWI or that he did not understand that he could receive a prison
sentence as a result of his plea. The issue is whether appellant pleaded guilty
under the mistaken assumption that he would receive probation at the plea
hearing. While he might have thought this was the case at one time, the evidence
indicates that any such notion was dispelled when his interpreter took him to
meet with the probation officer before he pleaded guilty. Furthermore, that
appellant understood probation was not guaranteed is also evidenced by the fact
that he signed written admonishments and a judicial confession stating he
understood the punishment range and possible consequences of his plea. Thus,
based on the record before us, at the time appellant verbally told the trial
court that he understood the consequences of his plea and possible punishment
range, it was reasonable for the trial court to conclude that appellant knew
probation was not guaranteed. As a result, we hold the trial court did not abuse
its discretion in denying appellant's motion for new trial. We overrule
appellant's first issue.
        In
his second issue, appellant contends the trial court should have
sua sponte withdrawn appellant's guilty plea because the statements by
appellant's interpreter and attorney were sufficient to inform the court that
his plea was not made knowingly and voluntarily. Because appellant waived his
right to a jury trial and pleaded guilty to the trial court, the trial court was
not required to withdraw his guilty plea sua sponte,
"even if evidence is presented that either ma[de] [his] innocence evident
or reasonably and fairly raises an issue as to his guilt." Aldrich
v. State, 53 S.W.3d 460, 467 (Tex. App.--Dallas 2001), aff'd,
Nos. 2066-01, 2067-01, 2003 WL 21077950 (Tex. Crim. App. May 14, 2003); see
also Moon v. State, 572 S.W.2d 681, 688 (Tex. Crim. App. 1978) (op. on
reh'g). We overrule issue two.
        In
appellant's third issue, he contends the trial court did not adequately admonish
him regarding the consequences of his plea. The record shows that appellant was
properly admonished in writing regarding the consequences of his plea. These
admonishments also state that appellant's attorney explained to him the
consequences of his plea. The admonishments are signed by both appellant and his
attorney. Further, appellant stated at the plea hearing that he understood the
charges against him and the punishment range. Thus, there is prima facie
evidence that appellant was properly admonished. See Fuentes,
688 S.W.2d at 544. The burden shifts to appellant to show that he entered his
plea without knowledge of its consequences. Gonzalez, 963
S.W.2d at 846.
       
Appellant has not presented any evidence showing that he did not understand the
consequences of his plea other than his testimony at the hearing on the motion
for new trial that he thought he was going to receive probation. As previously
mentioned, the record shows that at the time appellant was orally admonished at
the plea hearing, he had been informed by the probation officer, through his
interpreter, that probation was an issue for the trial court to decide.
Appellant's interpreter testified that appellant understood this fact. As a
result, we hold appellant has failed to show that he entered his plea without
knowledge of the consequences. We overrule issue three.
        In
appellant's fourth issue, he argues that he was constructively denied effective
assistance of counsel when hostility and distrust developed between him and his
trial counsel due to language difficulties and inaccurate translations from
family members. Specifically, appellant complains that he was denied effective
assistance of counsel as a result of his trial attorney "not accurately
communicat[ing] the consequences of pleading guilty due to misinterpretations by
his mother and mistrust generated through the miscommunications."
Essentially, appellant's fourth issue is another challenge to his guilty plea.
        We
apply a two-pronged test to ineffective assistance of counsel claims. Strickland
v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); Thompson
v. State, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). First, appellant must
show that his counsel's performance was deficient; second, appellant must show
the deficient performance prejudiced the defense. Strickland,
466 U.S. at 687, 104 S. Ct. at 2064. When a defendant pleads guilty on the
advice of counsel and subsequently challenges that plea based on ineffective
assistance of counsel, the voluntariness of the plea depends on (1) whether
counsel's advice was within the range of competence demanded of attorneys in
criminal cases and, if not, (2) whether there is a reasonable probability that
the defendant would not have pleaded guilty but for counsel's errors. Ex
parte Morrow, 952 S.W.2d 530, 536 (Tex. Crim. App. 1997),
cert. denied, 525 U.S. 810 (1998).
       
Absent some effect that the challenged conduct had on the reliability of the
trial process, the Sixth Amendment guarantee is generally not implicated. United
States v. Cronic, 466 U.S. 648, 658, 104 S. Ct. 2039, 2046 (1984).
Moreover, because counsel is presumed competent to provide the guiding hand that
the defendant needs, the burden rests on the accused to demonstrate a
constitutional violation. Id. "[C]ounsel is strongly
presumed to have rendered adequate assistance and made all significant decisions
in the exercise of reasonable professional judgment." Strickland,
466 U.S. at 690, 104 S. Ct. at 2066. An allegation of ineffective assistance
must be firmly founded in the record, and the record must affirmatively
demonstrate the alleged ineffectiveness. Thompson, 9
S.W.3d at 814.
       
Circumstances may exist, however, that are so likely to prejudice the accused
that the cost of litigating their effect in a particular case is unjustified. Cronic,
466 U.S. at 659, 104 S. Ct. at 2047. "Most obvious, of course, is the
complete denial of counsel." Id. The presumption that
counsel's assistance is essential requires this court to conclude that a trial
is unfair if the accused is denied counsel at a critical stage of trial. Id.
       
Based on the record before us, we cannot conclude that counsel failed to make
all significant decisions in the exercise of reasonable professional judgment,
that his advice was not within the range of competence demanded of attorneys in
criminal cases, or that appellant was completely denied counsel at a critical
stage of trial. The record reflects that counsel, through the assistance of an
interpreter and appellant's mother, made reasonable efforts to ensure that
appellant understood the consequences of his plea and the possible punishment
range. The record also supports the conclusion that appellant understood the
consequences of his plea and the punishment range before pleading guilty in open
court. The fact that appellant did not trust counsel does not mean counsel was
ineffective. Id. at 657 n.21, 104 S. Ct. at 2046 n.21
("[T]he appropriate inquiry focuses on the adversarial process, not on the
accused's relationship with his lawyer as such. If counsel is a reasonably
effective advocate, he meets constitutional standards irrespective of his
client's evaluation of his performance."). Accordingly, we overrule
appellant's fourth issue.
Having overruled appellant's four issues on
appeal, we affirm the trial court's judgment.
 
   
                                                        PER
CURIAM
 
PANEL F: DAY, J.; CAYCE, C.J.; and WALKER, J.
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
DELIVERED: June 19, 2003

1. See Tex. R. App. P. 47.4.
2. We note that appellant had been placed on probation
three previous times for other offenses before being convicted of the offense in
this case.