

**NUMBER 13-17-00363-CR**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI - EDINBURG**

---

**JARRETT LEON DAVENPORT, SR.,** **Appellant,**

**v.**

**THE STATE OF TEXAS,** **Appellee.**

---

**On appeal from the 24th District Court
of Victoria County, Texas.**

---

# ORDER

### Before Justices Contreras, Longoria, and Hinojosa
### Order Per Curiam

This cause is before the Court on the appellant's motion for leave to file an out-of-time motion for new trial and for remand to the trial court and for appellant's motion for extension of time to file his appellate brief. Notice of appeal was filed in this matter on July 10, 2017. Subsequently, appellant's court appointed appellate counsel filed an *Anders* brief, stating after a review of the record, he did not believe there were any errors

that would result in reversal of the trial court's judgment. *See Anders v. California*, 386 U.S. 738 (1967). On May 18,2018, appellant was granted pro se access to the appellate record to file his pro se response, per his motion requesting access. On June 1, 2018, a notice of appearance of counsel was filed, in which this Court was informed that appellant had retained private counsel, attorney Chris Self. A motion for extension of time to file his appellate brief was requested and this Court granted said motion on June 18, 2018, making appellant's brief due July 23, 2018. On June 22, 2018, counsel then filed appellant's motion for leave to file an out-of-time motion for new trial and for remand to the trial court. On July 23, 2018, counsel filed appellant's second motion for extension of time to file his appellate brief, and subsequently filed his appellate brief the same day.

One factor to be considered in determining whether to allow an out-of-time motion for new trial is whether the issue sought to be resolved can serve as the basis for post-conviction habeas corpus relief. *Bowler v. State*, 822 S.W.2d 334, 335 (Tex. App.—San Antonio 1992, pet. ref'd). The appellant may raise the issue of ineffective assistance of counsel in a post-conviction habeas corpus; therefore, he has not shown good cause for this Court to suspend the Rules of Appellate Procedure and allow him to file an out-of-time motion for new trial in the form of an evidentiary hearing. *Id.* at 335; *see also Torres v. State*, 804 S.W.2d 918, 920 (Tex. App.—El Paso 1990, pet. ref'd) (denying appellant's request for abatement to hold hearing on question of effectiveness of counsel's assistance and stating, ". . . we are not disposed to encourage a practice of disrupting the orderly and prompt flow of direct appeals by what could well become a routine defense practice of seeking such abatement for random trolling of the record for signs of ineffective

2

assistance."). *See Pettway v. State*, 4 S.W.3d 390, 391—92 (Tex. App.—Houston [1st Dist.] 1999, no pet.). The motion to abate the appeal and allow for appellant to file an out-of-time motion for new trial, or in the alternative to remand for a hearing, is DENIED.

Appellant also filed a motion for an extension of time to file his appellate brief to allow for additional time for this Court to rule on his motion for abatement. Appellant's brief was filed the same day. Having addressed appellant's motion for abatement, appellant's motion for extension of time is hereby DISMISSED as moot.

It is so ORDERED.

PER CURIAM

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
31st day of July, 2018.

3